326 So.2d 223 (1976)
C. RAVEL, Appellant,
v.
M.C. RAVEL, Appellee.
No. 75-1220.
District Court of Appeal of Florida, Second District.
February 6, 1976.
*224 John T. Allen, Jr., St. Petersburg, for appellant.
Jerry C. Cobb, of Wightman, Rowe, Weidemeyer, Jones & Turnbull, Clearwater, for appellee.
GRIMES, Judge.
This appeal involves the question of whether the lack of prosecution contemplated by Rule 1.420(e), RCP, pertains to proceedings occurring subsequent to the entry of a final judgment.
The final judgment determined that appellant, who was the record owner of certain real property, held a one-half interest in constructive trust for appellee. Appellant was directed to file an affidavit setting forth the expenses which he had incurred incident to the acquisition and maintenance of the property and the profits which he had derived from use of the property. Upon the payment to appellant "of one half the net cost, as determined by the court," the appellant was directed to deed a one-half interest in the property to appellee. The judgment was affirmed by this court on appeal. Thereafter, appellant filed the required affidavit of expenditures and profits. Appellee then filed an objection to certain expense items in the affidavit. No hearing was ever held for the purpose of determining the net cost, and there was no further record activity in the case until appellant filed a motion to dismiss for lack of prosecution some four and one-half years later. Appellant filed an interlocutory appeal from the order denying this motion.
Appellee suggests that sufficient non-record activity directed toward moving the case forward had occurred during the interim so as to come within the "or otherwise" provision of the rule. Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221; Whitney v. Whitney, Fla.App. 2nd 1970, 241 So.2d 436. We need not reach this point because we hold that the rule only requires the dismissal of a case where it has not been prosecuted toward final judgment for the requisite period of time. Once final judgment has been entered the rule no longer applies. A contrary construction of the rule would appear to have the practical effect of nullifying an otherwise valid judgment. If appellant felt aggrieved because no further proceedings had transpired, he could have always brought matters to a head by setting down a hearing.
Affirmed.
HOBSON, A.C.J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.