GLICKSTEIN, Judge.
This is an appeal from a final judgment in favor of the plaintiff/appellee in the sum of $41,380.00. We reverse and remand with direction to enter a final order of dismissal to plaintiffs complaint for failure to prosecute.
The sole issue here is whether the trial court erred in reinstating the plaintiffs action after it had been dismissed pursuant to Florida Rule of Civil Procedure 1.420(e), which provides:
(e) All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has- occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five *425 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
At oral argument, we requested supplemental briefs from the parties for the purpose of determining whether there was a Federal Rule of Civil Procedure from which the foregoing rule had been derived; and if so, what decisions had been rendered upon facts similar to the present case. We did so because in matters involving one of the Florida Rules of Civil Procedure, we earnestly hope that trial lawyers will make known to trial judges any relevant decisions emanating from a corresponding Federal rule.
In this case, there is no corresponding Federal rule. The only mention in Federal Rule of Civil Procedure 41 of dismissal for failure to prosecute appears in Rule 41(b), which states:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
In the present case, there was an unfortunate series of foul-ups by someone in the office of the plaintiff’s attorneys. When appellants’ motion to dismiss arrived, no response was made to it because it was believed that the motion affected some other cáse. At another point, it was admitted that somehow the office file for this case had been lost. Accordingly, we have a double-pronged reason for reversing the trial court’s reinstatement of the action on motion for rehearing after initially dismissing it. First, there was non-compliance with the requirement that there be a response to the motion, showing good cause, in writing, at least five days prior to hearing, for dismissing the action. Second, good cause was never shown — verbally or in writing.
We close with the final observation that the trial court subsequently granted rehearing and reinstated the action based on Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976) — which held that Florida Rule of Civil Procedure 1.420(e) had no application after a final judgment has been entered in a case — apparently concluding that the Ravel decision should be extended to the present situation involving a partial summary judgment, rendering Rule 1.420(e) inapplicable. However, there had been no final judgment entered in this matter, and we conclude that the Ravel rule should not be extended to partial summary judgments on a single issue. The existence of such a partial summary judgment as occurred in this case should not do away with the requirement that a case be prosecuted toward final judgment.
BERANEK and WALDEN, JJ., concur.