473 So.2d 789 (1985)
Barbara S. WITHERS, Appellant,
v.
FLAGSHIP PEOPLES BANK OF TALLAHASSEE, Appellee.
No. AX-411.
District Court of Appeal of Florida, First District.
August 8, 1985.
Kathleen F. Dekker, of Brown, Camper & Dekker, Tallahassee, for appellant.
Donald M. Hinkle, of Green, Fonvielle Hinkle, P.A., Tallahassee, for appellee.

ON MOTION FOR CLARIFICATION
ZEHMER, Judge.
Appellant's motion for clarification is granted, our opinion filed June 7, 1985, is withdrawn, and the following corrected opinion is substituted therefor.
Barbara S. Withers appeals the trial court's award of a $50,000 deficiency judgment to Flagship Peoples Bank of Tallahassee (Flagship) in a mortgage foreclosure suit. Two issues are presented: (1) Whether the trial court erred in denying, without an evidentiary hearing, appellant's motion to dismiss for failure to prosecute under rule 1.420(e), Florida Rules of Civil Procedure; and (2) whether the trial court's determination that the fair market value of *790 the property equaled the sale price bid at the foreclosure sale was contrary to the manifest weight of the evidence. We affirm on the second issue, but reverse and remand for an evidentiary hearing on the first issue.
On July 7, 1978, Flagship filed a complaint for foreclosure against appellant and three other persons who had jointly executed a promissory note in the amount of $148,000 and mortgaged certain property to secure the payment thereof. The trial court entered final judgment of foreclosure finding principal due in the amount of $132,512.81 and interest due to the date of judgment of $29,261.71. On August 21, 1979, a foreclosure sale was held at which Flagship bid $72,000 for the mortgaged property and Natural Bridge Papers, Inc., a company unassociated with the bank, bid $72,500. The sale was confirmed by the court without objection and Natural Bridge, as high bidder, received title to the property. On September 12, 1979, Flagship petitioned for a deficiency judgment in the amount of $95,471.03.
Between October 20, 1980, and October 21, 1981, there was no record activity in the deficiency suit. On October 21, 1981, appellant filed a motion to dismiss for failure to prosecute. Flagship filed a written response, admitting that no record activity had occurred for a one-year period, but attempting to set forth good cause for the delay. Appellant filed a written reply to appellee's allegations of good cause in which she denied many of the factual allegations made by Flagship. Without holding an evidentiary hearing, the trial court denied appellant's motion to dismiss, finding that good cause was shown in Flagship's response to excuse the one-year delay in record activity. The trial court based this ruling partly upon its assumption that it was required to accept the allegations in Flagship's response as true.
A hearing was subsequently held in order to determine whether a deficiency judgment should be entered against appellant and the amount thereof. Appellee proved the sale price of the property and presented the testimony of the bank's appraiser, which supported the sale price. Appellant introduced the testimony of several appraisers who estimated the value of the property well in excess of the sale price. The trial court entered a deficiency judgment in favor of appellee that was limited to $50,000 in accordance with a settlement stipulation made in a separate federal court action by appellee and parties to the note other than appellant.
Both parties admit there was no record activity during the critical one-year period; therefore, the trial court was required to grant appellant's motion to dismiss unless Flagship established good cause under rule 1.420(e), Florida Rules of Civil Procedure. The trial court's denial of the motion was based on the incorrect assumption that the court was required to treat Flagship's factual allegations in its response to the motion as true. While this is the general rule with respect to the allegations of a complaint when ruling on a motion to dismiss for failure to state a cause of action, it is not the applicable rule with respect to a motion to dismiss for failure to prosecute. Cf. Fearick v. Smugglers Cove, 379 So.2d 400 (Fla. 2d DCA 1980); Mills v. Ball, 372 So.2d 497 (Fla. 1st DCA 1979). See Trawick, Florida Practice & Procedure, section 10-4 (1984).
The pleadings reveal several disputed facts which are highly relevant to a ruling on the motion to dismiss. For example, good cause under rule 1.420(e) must include a showing of contact with the opposing party during the one-year period and some form of excusable conduct or happening other than negligence or inattention to deadlines. F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA 1979).
Among other factual disputes demonstrated by the pleadings, the parties disagree on whether appellee was in contact with appellant or appellant's attorney during the one-year period in question. Since this and other disputed facts must be resolved before the trial court can properly rule on appellant's motion to dismiss, it is *791 appropriate to remand to the trial court for a fact-finding hearing. American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980).
This error is not harmless simply because a dismissal by the court would have been without prejudice. We will not speculate on what might have occurred if the trial court had proceeded to resolve the factual disputes and dismiss the case for failure to prosecute.
With respect to the second issue, appellant urges that the trial court's conclusion that the fair market value of the mortgaged property equaled the price bid at the foreclosure sale was "against the manifest weight of the evidence." We find competent, substantial evidence in the record to support the trial court's determination. As an appellate court, it is not our function to review the weight of the evidence but, rather, to review the record to determine if it contains competent, substantial evidence to support the trial court's ruling. See 3 Fla.Jur.2d, Appellate Review, section 343. Because such evidence exists in this case, we affirm.[1]
We affirm the trial court's ruling on fair market value, and reverse and remand for an evidentiary hearing on factual disputes material to appellant's motion to dismiss for failure to prosecute.
REVERSED and REMANDED.
MILLS and ERVIN, JJ., concur.
NOTES
[1] We note, however, that we have significant difficulty with the fact that Flagship made known to the public the maximum price it would bid at the foreclosure sale prior to the sale taking place. Nevertheless, even if we were to hold that such practice was improper and invalidated the legal presumption that the sale price of the property is equal to the fair market value, we would still be constrained to affirm the trial court's finding as there is independent evidence in the form of testimony by appellee's appraisal expert that the value of the property on the date of sale was equal to or very near the sale price.