504 So.2d 457 (1987)
Philip BARTON, Appellant,
v.
Nancy Ann McGOVERN, Appellee.
No. BN-108.
District Court of Appeal of Florida, First District.
March 5, 1987.
Rehearing Denied April 16, 1987.
Thomas M. Ervin, Jr., of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
C. Gary Moody, Gainesville, for appellee.
WIGGINTON, Judge.
This appeal is from a final order denying a petition to enforce an attorney's charging lien and finding that a reasonable attorney's fee and costs for representing appellee would not exceed the amounts previously received by appellant's law offices. We affirm in part and reverse in part.
Appellant and his law firm were employed by appellee to represent her in an action for dissolution of marriage. The parties entered into a written fee agreement providing that appellee would pay $100 per hour, as well as a $1,000 retainer fee to be paid at the time she entered into the agreement. The contract also provided *458 that the balance would be due prior to the setting of a final hearing on the merits. Thereafter, through the representation of appellant and an associate, a settlement agreement was drafted which in part provided that the husband would pay $10,000 more toward appellee's attorney's fees. However, approximately three weeks after the settlement agreement was announced in open court, a fee dispute arose between appellant and appellee. Appellee by letter advised that she was no longer satisfied with appellant's services and was discharging him. Thereafter, appellee retained other counsel, the settlement agreement was reduced to writing, and the final judgment of dissolution of marriage was rendered. Appellant filed a notice of charging lien.
The total sum and fees received by appellant's law firm, including $3,500 in interim payments from the husband and the $10,000 provided in the formalized settlement agreement, amounted to $14,500. Nonetheless, claiming that he had incurred 270.75 hours, appellant maintained that there was a balance due and owing of $15,988.81, including costs. Following a hearing at which the parties presented testimony of their expert witnesses on the reasonableness of appellant's claimed fee, the trial court entered an order denying the petition to enforce attorney's charging lien and held that a reasonable attorney's fee and costs would not exceed the amounts previously received by appellant's law firm. The court subsequently denied appellant's motion for judgment awarding costs, instead awarding costs to appellee as the "prevailing party."
Appellant now challenges the final order on the basis that the court erred in applying a "reasonable fee standard" to his claim for fees and costs; that, assuming a reasonable fee standard is applicable, the court erred in failing to follow the commands of Florida Patient's Compensation Fund v. Rowe;[1] that the lower court's determination that reasonable fees and costs would not exceed amounts previously received constitutes an abuse of discretion; and that the court erred in denying costs and other relief to appellant who was rightfully the prevailing party. We disagree with appellant's position that the "reasonable fee" standard was improper. We find that appellant's performance under the contract was incomplete at the time he was discharged by appellee. Accordingly, in such a case where an attorney is discharged without cause before the client's matters have been concluded, the attorney can recover only the reasonable value of his services rendered prior to discharge on the basis of quantum meruit, limited to the maximum fee set in the contract entered into for those services. Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982).
Nevertheless, because the trial court's order is devoid of specific findings as to hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors as mandated by the supreme court in Florida Patient's Compensation Fund v. Rowe, the order must be reversed and the cause remanded with instructions that the court conduct a new hearing on attorney's fees, if necessary, and enter an order setting forth the findings required in Rowe. See Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
Because of our disposition of the instant appeal, we need not reach appellant's point concerning whether the court abused its discretion when it determined that a reasonable amount for fees and costs would not exceed the amounts previously received. Further, reversal of the award of costs to appellee is predicated on the basis that the cause is being remanded.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] 472 So.2d 1145 (Fla. 1985).