523 So.2d 752 (1988)
Rene RIESGO, Jr., Appellant,
v.
Ira WEINSTEIN, Intervenor/Appellee, and
Allen Lee Larson, Chemical Tank Lines, Inc., a Florida Corporation, Progressive Casualty Insurance Company, Interstate Fire and Casualty Company, and Florida Insurance Guaranty Association, a Corporation Doing Business in Florida, Appellees.
No. 87-805.
District Court of Appeal of Florida, Second District.
April 15, 1988.
*753 Randall O. Reder and Jonathan L. Alpert of Alpert, Josey & Grilli, P.A., Tampa, for appellant.
A. Broadus Livingston and Rosa I. Rodriguez of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, for intervenor/appellee.
HALL, Judge.
Rene Riesgo appeals from a final order awarding his former attorney, Ira Weinstein, attorney's fees. We reverse.
In October 1977 Riesgo retained Weinstein to represent him pursuant to a written contingency fee contract in an action for damages for injuries Riesgo sustained in a motor vehicle accident. During Weinstein's representation of Riesgo two offers of settlement were made, one for $20,000 and one for $100,000. Riesgo declined both offers.
In September 1981 Riesgo discharged Weinstein and hired Patrick Dekle to represent him. Weinstein and Dekle filed a joint motion and stipulation whereby they sought Dekle's substitution as counsel for Riesgo and Weinstein asked the court to retain jurisdiction to determine his fee for services rendered. The court entered an order granting the attorneys' requests and retained jurisdiction to set Weinstein's fees.
Dekle requested Weinstein turn the case file over to him to facilitate prosecution of the case. Weinstein refused, and Dekle started anew with discovery, prosecuting the case to trial. After the first day of trial an offer of settlement of $400,681.64 was made and accepted by Riesgo. The parties then filed a joint stipulation for dismissal with prejudice, which the trial court granted in October 1983 by way of an order in which it also retained jurisdiction to resolve Weinstein's lien for attorney's fees.
Several hearings were set to resolve the lien for attorney's fees, but they were all cancelled because of conflicts. Then, in June 1985 Riesgo filed a motion to dismiss for failure to prosecute. The trial court denied the motion, after a hearing thereon, finding that Dekle and Weinstein had been in contact by telephone and letter during the year preceding the filing of the motion in an attempt to keep the matter out of the courts. The trial court found that this nonrecord activity constituted good cause not to dismiss the action.
A hearing was finally conducted pursuant to the charging lien for attorney's fees, and the court entered an order awarding Weinstein $30,000. The order contained no findings in support of the award.
As his first point on appeal, Riesgo contends that the trial court erred in denying his motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) because there was no affirmative record activity by Weinstein for over a year. Weinstein contends that this matter is not subject to a motion to dismiss under Rule 1.420(e) because it proceeds from a reservation of jurisdiction by the trial court to resolve a lien for attorney's *754 fees subsequent to the entry of a final judgment. We agree. In Ravel v. Ravel, 326 So.2d 223, 224 (Fla. 2d DCA 1976), we held that "the rule only requires the dismissal of a case which has not been prosecuted toward final judgment for the requisite period of time. Once final judgment has been entered the rule no longer applies."
Even if we agreed with Riesgo that this matter is subject to a Rule 1.420(e) motion to dismiss, the trial court was correct in its disposition of the motion. We have held that nonrecord activity can preclude dismissal of an action for failure to prosecute if good cause, i.e., a compelling reason, is shown to avoid dismissal. American E. Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980). As noted previously, the trial court found that such good cause was shown by Weinstein. It is Riesgo's burden to show that the trial court abused its discretion in so finding, Adams Eng'g Co. v. Constr. Prods. Corp., 156 So.2d 497 (Fla. 1963), and Riesgo did not carry his burden.
As his second point on appeal, Riesgo contends that the trial court erred in awarding Weinstein attorney's fees based on the contingency fee contract pursuant to which he was retained and in not setting forth specific findings in support of the award in accordance with Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Weinstein contends, citing Stabinski, Funt & DeOliviera P.A., v. Alvarez, 490 So.2d 159 (Fla. 3d DCA), review denied, 500 So.2d 545 (Fla. 1986), that Rowe does not apply to the facts of this case. Rather, Weinstein contends, this case is controlled by Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982).
In Stabinski the Third District held that Rowe and the federal lodestar approach it adopted apply "only to fees imposed ancillary to the primary action against a nonclient either under common law principles (citations omitted) or, as in Rowe itself... pursuant to statutory authorization; they do not affect the assessment of attorney's fees which are due ... as damages for breach of an agreement for the payment of such fees by the client or other contracting party." Stabinski, 490 So.2d at 160. Notwithstanding this position of the Third District, we apply Rowe "whether the awarded attorney's fees are based on entitlement by statute or by contract." Freedom Sav. & Loan Ass'n. v. Biltmore Constr. Co., 510 So.2d 1141, 1142 (Fla. 2d DCA 1987).
The issue of how a trial court is to determine the amount of fees to be awarded an attorney discharged without cause before the conclusion of the client's case was addressed in Barton v. McGovern, 504 So.2d 457 (Fla. 1st DCA 1987). The First District held that in such circumstances an attorney "can recover only the reasonable value of his services rendered prior to discharge on the basis of quantum meruit, limited to the maximum fee set in the contract entered into for those services. Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982)." Barton, 504 So.2d at 458. In determining the reasonable value of the attorney's services, the trial court must utilize the criteria set forth in Rowe and make specific findings as to each of those criteria in its order awarding fees. Id.
In making its determination as to the reasonable value of the services rendered by Weinstein prior to his discharge, the trial court should consider the failure of Weinstein to comply with Dekle's request to turn the Riesgo file over to Dekle. The court should determine whether this action was detrimental to Riesgo and caused a duplication of work by Dekle. In the event the court so determines, the duplicate time should be deducted from the hours set by the court under the Rowe formula in establishing the basis for Weinstein's fees.
Accordingly, the order awarding Weinstein attorney's fees must be reversed and this cause remanded with instructions that the trial court conduct a new hearing on fees and enter an order consistent with the dictates of Barton and Rowe.
Reversed and remanded.
LEHAN, A.C.J., and PARKER, J., concur.