537 So.2d 683 (1989)
FINANCIAL SECURITY SAVINGS & LOAN ASSOCIATION, Appellant,
v.
ESPANA RIVER PARTNERSHIP, a Minnesota General Partnership, et al., Appellees.
No. 87-0792.
District Court of Appeal of Florida, Fourth District.
January 25, 1989.
William A. Fleck of Patrick M. O'Hara, P.A., West Palm Beach, for appellant.
Monica I. Salis of Borkson, Simon & Moskowitz, P.A., Fort Lauderdale, for appellee-George Heaton.
DOWNEY, Judge.
In August, 1985, appellant, Financial Security Savings & Loan Association (Financial *684 Security), obtained an amended final judgment foreclosing its mortgage on realty (forty-five apartment units) located in Broward County, Florida, owned by numerous defendants, including George Heaton. A notice of hearing on Financial Security's motion for a deficiency decree was set for December, 1985, but at the request of the defendants other than Heaton the hearing was canceled "without prejudice to reschedule same at a later date on its motion for Deficiency judgment." When no record activity took place thereafter for over one year, Heaton moved for dismissal for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). Financial Security replied, contending that it had good cause for its failure to prosecute. After a hearing thereon, the court granted the motion to dismiss for lack of prosecution without prejudice and this appeal ensued.
Financial Security contends it showed good cause for lack of prosecution in that it was in contact with appellees while it was attempting to market and sell the units foreclosed upon and because it was suing appellees (all except Heaton were Canadians) in Canada in a separate lawsuit. None of the nonrecord activity referred to here has been held sufficient to preclude operation of rule 1.420(e), and thus the trial court was correct in rejecting Financial Security's contentions.
The only remaining question for decision is the applicability vel non of rule 1.420(e) to post-judgment proceedings to recover a deficiency decree.
The Third District Court of Appeal, in Colmes v. Hoco, Inc. of Dade County, 152 So.2d 524 (Fla. 3d DCA 1963), held that an application for deficiency decree should be commenced either within the limitation period for instituting a cause of action under the note and mortgage, or during the one-year period provided by section 45.19, Florida Statutes, which was repealed in 1967 and replaced by Florida Rule of Civil Procedure 1.420(e).
Subsequent to that decision, several cases have considered rule 1.420(e) as applicable in post-judgment foreclosure proceedings. Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986), and Withers v. Flagship Peoples Bank of Tallahassee, 473 So.2d 789 (Fla. 1st DCA 1985). However, several other cases from the Second District Court of Appeal, Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988), and Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976), have held that, once final judgment has been entered, rule 1.420(e) does not apply, the rationale being that a contrary construction would have the practical effect of nullifying an otherwise valid judgment.
We do not believe the rationale suggested in Ravel supports a refusal to apply the rule in a mortgage foreclosure suit where in a post judgment proceeding to obtain a deficiency decree no record activity has taken place for over one year. First of all, the rule itself makes no such distinction between the prejudgment and post judgment posture of the case. It talks in terms of all actions in which no record activity has occurred for more than one year. The only reference one can find in the cases that would lead to the conclusion that the rule applies only in prejudgment cases is the statement that only activity that progresses the case toward judgment is relevant. Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980); Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951). We suggest that reference "toward judgment" in the context of those cases is simply to demonstrate that not all activity suffices to preclude dismissal, but only record activity that moves the case toward its ultimate conclusion and is not a ruling or holding that the lack of prosecution rule only applies to proceedings that predate the judgment. Secondly, the reason offered that it would nullify an otherwise valid judgment is not compelling in a mortgage foreclosure because the judgment therein is simply an adjudication of the amount of the debt and a direction to sell the mortgaged property. It is not a personal judgment against the defendant; it is not a lien on any other property; nor can it be used for execution against any other property. 37 Fla.Jur.2d Mortgages and Deeds of Trust § 324 *685 (1982). Thus, since the property has been sold, the foreclosure judgment is of no effect except to set forth the amount of the debt. Therefore, the problem envisaged in nullifying a judgment in a mortgage foreclosure simply does not pertain.
For these reasons we align ourselves with the decisions in Barnes and Withers and hold that, in the present case, passage of the period of one year without record activity after the final judgment of foreclosure rendered Financial Security's application for deficiency decree subject to dismissal without prejudice.
Accordingly, the dismissal in this case was proper and the order appealed from is affirmed. We, nevertheless, certify the following question to the Supreme Court of Florida as one of great public importance:
DOES FLORIDA RULE OF CIVIL PROCEDURE 1.420(E) APPLY TO A POST-TRIAL PROCEEDING SUCH AS A MOTION FOR A DEFICIENCY JUDGMENT IN A MORTGAGE FORECLOSURE SUIT?
GUNTHER, J., concurs.
WALDEN, J., dissents without opinion.