538 So.2d 125 (1989)
E.B. ROOD and David B. Webster, formerly Known As Rood & Webster, Appellants/Cross-Appellees,
v.
J. Gary McMAKIN, Appellee/Cross-Appellant.
Nos. 87-2206, 87-2207.
District Court of Appeal of Florida, Second District.
February 10, 1989.
*126 E.B. Rood, Tampa, pro se.
David B. Webster, Tampa, pro se.
Jonathan M. Deer of Bryant, Reeves and Deer, Tampa, for appellant/cross-appellee, Webster.
Richard Gilbert and Patrick J. McNamara of de la Parte, Gilbert and Gramovot, Tampa, for appellee/cross-appellant.
PATTERSON, Judge.
E.B. Rood and David B. Webster appeal from a final judgment awarding J. Gary McMakin, Esq. a portion of attorney's fees collected by Rood and Webster in two negligence cases, including an award of prejudgment interest. McMakin cross-appeals challenging the method by which the trial court arrived at his award. We affirm in part, reverse in part and remand with instructions.
McMakin and Webster were members of a professional association which dissolved in May of 1979. They continued to share office space as sole practitioners and entered into a written agreement relating to the handling of certain personal injury files which were McMakin's property. That agreement essentially provided for a specific division of duties and responsibilities and the division of fees derived on a 50/50 basis. The agreement contained a list of cases to which it applied; the list did not include the Jones and Napier cases which are the subject of this litigation.
In April, 1981, Webster joined in the practice of law with Rood, taking with him a series of personal injury files including Jones and Napier. Both of these cases subsequently settled, generating substantial attorney fees which were retained by Rood and Webster. McMakin sued seeking a 50/50 division of the fees and included a separate count founded in quantum meruit.
The trial court, after hearing contradictory and irreconcilable testimony, found that McMakin, on the basis of quantum meruit, was entitled to one-eighth of the fee received in the Napier case and one-fifth of the fee received in the Jones case. In a subsequent hearing the trial court assessed prejudgment interest to these amounts. We hold that the record supports an award of fees to McMakin.
The trial judge did not state his reasons for arriving at the percentage amounts awarded. Rood and Webster contend that if an award of fees is to be made on the basis of quantum meruit, then the trial court must meet the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We agree. Acknowledging conflict with the 3rd District, this court held in Freedom Savings & Loan Association v. Biltmore Construction Co., 510 So.2d 1141, 1142 (Fla. 2d DCA 1987), that "Rowe applies whether the awarded attorney's fees are based on entitlement by statute or by contract." We have more recently applied the Rowe doctrine to attorney's fees founded on quantum meruit. Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988). We see no material distinction in the facts of this case. We, therefore, affirm the trial court's determination of fees on the basis of quantum meruit and reverse the final judgment as to the amounts awarded. On remand, we direct the trial court to conduct additional proceedings and to set forth specific findings consistent with the requirements of Rowe.
Rood and Webster contend that an award of prejudgment interest is improper, arguing that the damages are derived from a personal injury action and, therefore, are unliquidated. That position is not well taken. The fees generated by the Jones and Napier cases were reduced to a specific amount on the date that they were received. An award of prejudgment interest is required from that date forward as a *127 matter of law. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).
The final issue which we must consider is McMakin's assertion that the trial court erred in entering several judgments against Rood and Webster rather than a single joint and several judgment. The record is so incomplete on this issue that it is not possible for us to resolve it or to determine what constituted the basis of the trial court's holding. We, therefore, vacate the final judgment in its entirety with directions to the trial court to take additional evidence on the issue of joint and several liability.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SCHOONOVER, A.C.J., and PARKER, J., concur.