PER CURIAM.
The trial court dismissed appellants’ petition for a deficiency decree solely because the petition was filed more than one year after the final judgment of foreclosure was entered. We affirm.
In Financial Security Savings & Loan Ass’n v. España River Partnership, 537 So.2d 683, 685 (Fla. 4th DCA 1989), we held that “passage of the period of one year without record activity after the final judgment of foreclosure rendered Financial Security’s application for deficiency decree subject to dismissal without prejudice.” See also Fla. R.Civ.P. 1.420(e).
In accordance with the above, we affirm the decision below but certify conflict with the holdings in Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988), and Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976). We also certify the following question as one of great public importance, as was earlier certified in Financial Security, so the parties may have the opportunity to have this issue clarified:
DOES FLORIDA RULE OF CIVIL PROCEDURE 1.420(e) APPLY TO A POST-TRIAL PROCEEDING SUCH AS A MOTION FOR A DEFICIENCY JUDGMENT IN A MORTGAGE FORECLOSURE SUIT?
ANSTEAD and HERSEY, JJ., and MAGER, GERALD, Senior Judge, concur.