660 So.2d 633 (1995)
Elaine FROHMAN, etc., et al., Petitioners,
v.
Stella BAR-OR, et al., Respondents.
No. 84038.
Supreme Court of Florida.
June 29, 1995.
Rehearing Denied September 20, 1995.
*634 Michael B. Solomon of Michael B. Solomon, P.A., Hallandale, for petitioner.
H. Taylor White, Fort Lauderdale, for respondent.
HARDING, Justice.
We have for review the following question certified to be of great public importance:
DOES FLORIDA RULE OF CIVIL PROCEDURE 1.420(e) APPLY TO A POST-TRIAL PROCEEDING SUCH AS A MOTION FOR A DEFICIENCY JUDGMENT IN A MORTGAGE FORECLOSURE SUIT?
Frohman v. Bar-Or, 637 So.2d 369 (Fla. 4th DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Irwin and Anna Frohman and Sid and Dorothy Birken (Frohman) loaned $55,000 to Jacob and Stella Bar-Or (Bar-Or). To secure the loan, Bar-Or gave a second mortgage on his property to Frohman. As further collateral to Frohman, Bar-Or signed a repurchase agreement that encumbered and assigned three mortgages held by Bar-Or on other properties. Bar-Or defaulted on the loan in 1987. Elaine Frohman,[1] as personal representative of the estates of Irwin and Anna Frohman, and Sid and Dorothy Birken *635 filed a complaint for foreclosure of the second mortgage, including a request for a deficiency judgment. The trial court appointed a receiver to collect rents from the property, to be used for payments on the first mortgage. On January 3, 1989, the trial court ordered the mortgagors of the collateralized mortgages to pay rents to the receiver, instead of to Bar-Or.
Following a contested trial, the court entered a final judgment of mortgage foreclosure on April 10, 1989. The final judgment set the amounts due, ordered the property with the second mortgage sold at a foreclosure sale if judgment was not paid, appointed a receiver for the properties involved, and conditionally foreclosed the collateral mortgages. Additionally, the final judgment provided that the collateral mortgages were free and clear of Frohman's claims if there was no deficiency, but the property with the collateral mortgages would be sold at a foreclosure sale in the event of a deficiency. The court also retained jurisdiction to hear any subsequent deficiency application.
Three years later, in April 1992, the mortgagors paid off the collateral mortgages. Six months later, on October 12, 1992, Bar-Or filed a motion to dismiss for failure to prosecute. Eight days later, Frohman filed a statement of good cause detailing two reasons why the action should not be dismissed for lack of record activity: 1) it was impossible to determine the amount of deficiency until the collateral mortgages were paid off; and 2) the personal representative of Frohman's estate had to seek reinstatement before Frohman could act. Additionally, Frohman requested that a portion of the final judgment be set aside as inequitable because it would allow Bar-Or to recover the mortgages free and clear of any claim or lien by Frohman.[2]
On October 27, 1992, fifteen days after Bar-Or filed the motion to dismiss, Frohman filed an application for deficiency. The trial court issued an order dismissing the case for failure to prosecute. The court also denied Frohman's motion to set aside part of the final order and motion for rehearing.
On appeal, the Fourth District Court of Appeal affirmed the trial court's order, citing Financial Security Savings & Loan Ass'n v. Espana River Partnership, 537 So.2d 683 (Fla. 4th DCA 1989), and Florida Rule of Civil Procedure 1.420(e). Additionally, the district court certified conflict with Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988), disapproved on other grounds, Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995), and Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976), and certified the question as one of great public importance. Frohman, 637 So.2d at 370.
We reword the certified question to address only the circumstances presented in this case:
DOES FLORIDA RULE OF CIVIL PROCEDURE 1.420(e) APPLY POST-TRIAL TO A MORTGAGE FORECLOSURE SUIT?
We answer the reworded question in the affirmative.
The Fourth District Court's opinion in the instant case contains little reasoning, but instead cites Financial Security for the proposition that Florida Rule of Civil Procedure 1.420(e) applies post-judgment and that it was correctly applied in this instance. In Financial Security, the district court held that rule 1.420(e) was applicable to a motion for a deficiency judgment following a foreclosure sale where no record activity had occurred for more than one year. 537 So.2d at 685. The court reasoned that rule 1.420(e) applied post-judgment because the rule makes no distinction between pre- and post-judgment application and that there was no merit to the argument that it would nullify an otherwise valid judgment in mortgage foreclosure proceedings. Id. at 684-85. In reaching this conclusion, the district court relied on Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986), and Withers v. Flagship Peoples Bank, 473 So.2d 789 (Fla. 1st DCA 1985), *636 and certified conflict with Ravel and Riesgo. The district court accordingly affirmed the trial court's order dismissing Financial Security's motion for a deficiency decree. Financial Security, 537 So.2d at 685.
In the instant case, the district court certified conflict with the Second District Court of Appeal's decisions in Ravel and Riesgo, both of which held that rule 1.420(e) does not apply after final judgment has been entered. In Ravel, the court reasoned that "[o]nce final judgment has been entered the rule no longer applies." 326 So.2d at 224. Riesgo relied upon Ravel in reaching the same conclusion. We find that the Fourth District Court correctly determined that rule 1.420(e) applies to post-trial proceedings in mortgage foreclosure actions such as the motion for deficiency judgment at issue here.
Rule 1.420(e) was applied post-judgment to mortgage foreclosure actions in both Barnes and Withers. In Barnes, the district court affirmed a deficiency granted by the trial court, even though there had been no record activity for more than one and one-half years. 488 So.2d 879. The court held that while rule 1.420(e) could apply under these circumstances, the rule had not been invoked by the appellant. Id. at 881. In Withers, one party moved for dismissal under rule 1.420(e) after more than one year had passed from the date the other party had filed for a deficiency following a mortgage foreclosure sale. 473 So.2d 789. Because the trial court denied the motion without a proper hearing, the district court remanded the case for an evidentiary hearing as to the reasons for the lack of record activity. Id. at 790-91.
In both Barnes and Withers, the First District Court of Appeal measured the one-year period of inactivity as running from the entry of final judgment. The one-year period should instead be measured backwards from the time preceding the filing of the motion to dismiss for lack of prosecution. See Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1, 3-4 (Fla. 1972) (holding that a motion to dismiss for lack of prosecution should be denied when the plaintiff showed record activity within the year preceding the motion to dismiss, even though there had previously been a year of inactivity in the case).
Before rule 1.420(e) can be applied post-judgment in a mortgage foreclosure suit, the following events must occur: 1) entry of final judgment of foreclosure; 2) sale of the foreclosed property pursuant to the judgment; 3) issuance of a certificate of title for the property; and 4) a reservation of jurisdiction by the trial court for later determination of a deficiency judgment. If more than one year has elapsed after a certificate of title was issued or since the last record activity moving the case forward has occurred, such as a petition for a deficiency judgment, then the action is subject to dismissal upon motion filed pursuant to rule 1.420(e). Upon the filing of such motion, the court should determine whether any record activity has occurred during the one-year period prior to the filing of the motion to dismiss. Chrysler Leasing, 259 So.2d at 4. If no good cause is shown for the lack of record activity, the motion should be granted. If a deficiency cannot be determined within one year after the certificate of title has been issued, then the plaintiff is always free to file for a stay of proceedings under rule 1.420(e).[3]
In the instant case, Bar-Or filed a motion to dismiss for lack of prosecution under rule 1.420(e) on October 12, 1992. On October 27, 1992, fifteen days later, Frohman filed an application for deficiency. There was no record activity for the year prior to the filing of Bar-Or's motion to dismiss. The trial court granted the motion to dismiss for lack of prosecution after an evidentiary hearing. However, in the instant case, Frohman stated two reasons for the inactivity and the record does not indicate that the trial judge made any determination that these were not good cause reasons.
Prior to a dismissal under rule 1.420(e), the trial court must determine whether the party opposing dismissal had good cause for the failure to prosecute during *637 the year preceding the filing of the motion to dismiss. Chrysler Leasing, 259 So.2d at 4. Therefore, on remand, the trial court shall conduct an evidentiary hearing to determine whether Frohman had good cause for failure to prosecute.
Accordingly, we answer the reworded certified question in the affirmative. We approve in part and quash in part the district court's decision in Frohman. We also disapprove Riesgo and Ravel to the extent that they prohibit application of rule 1.420(e) to mortgage foreclosure actions. We remand this case for determination of whether good cause existed for Frohman's lack of record activity for the year preceding the motion to dismiss.
It is so ordered.
OVERTON, SHAW, KOGAN and WELLS, JJ., concur.
GRIMES, J., dissents with an opinion.
ANSTEAD, J., recused.
GRIMES, Chief Justice, dissenting.
Florida Rule of Civil Procedure 1.420(e) contemplates the timely prosecution of actions. I do not believe that the rule was intended to be applicable to any proceedings after final judgment. Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988), disapproved on other grounds, Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995); Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976).
At the very least, if this rule is to be applied after judgments of mortgage foreclosure, the point from which the one year begins to run should not be the mere reservation of jurisdiction. The rule should only be employed to dismiss postjudgment petitions for relief which have been pending for over a year without record activity. In the instant case, the motion to dismiss was filed before Frohman even applied for the deficiency judgment.
This opinion will create unnecessary and unforeseen mischief. I respectfully dissent.
NOTES
[1] Elaine Frohman is the personal representative of the estate of Anna Frohman, who was in turn the surviving tenant of her deceased husband Irwin Frohman.
[2] The trial court's final judgment contained the following sentence: "In the event that no deficiency is adjudged then in that event the effect of this Order shall be that said mortgages shall be free of any liens or claims of Plaintiffs."
[3] Florida Rule of Civil Procedure 1.420(e) provides that the court can approve a stipulation staying the action or file a stay order in the action.