COPE, Judge
(dissenting).
I respectfully dissent.
The majority opinion affirms the dismissal of a postjudgment motion for attorney’s fees for failure to prosecute. I do not believe that Florida Rule of Civil Procedure 1.420(e) should be extended to postjudgment civil proceedings outside of the mortgage foreclosure context discussed in the Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995). In Frohman, the Florida Supreme Court treated a mortgage foreclosure action essentially as being a bifurcated action, the first phase being the foreclosure and the second phase being the application for a deficiency judgment. Where an action has been bifurcated, application of Rule 1.420(e) makes sense.
In the present case, the postjudgment matter is the application for prevailing party attorney’s fees. Rule 1.420(e) speaks of dismissal of an “action” for failure to prosecute. What is at issue here is not dismissal of the “action.” The “action” has been concluded by a final order in appellants’ favor. This is a postjudgment motion for attorney’s fees to which Rule 1.420(e) by its terms does not apply. If Rule 1.420(e) is to be extended broadly to postjudgment civil proceedings, then that should be accomplished by an appropriate amendment to the rule.
Alternatively, assuming that Rule 1.420(e) does apply, I would hold that the appellants’ uncontroverted affidavit showed good cause why the action should remain pending.
The order under review should be reversed.