BLUE, Judge.
Lawrence Buckley and Barbara Buckley appeal the final summary judgment establishing a deficiency amount in favor of Commonwealth Mortgage Assurance Company Service Company, as assignee of Great Western Bank, (hereinafter Great Western Bank) following the foreclosure of property in which the Buckleys held an interest. The Buckleys contend the trial court erred in failing to grant their motion to dismiss for failure to prosecute filed between the final judgment granting foreclosure and the deficiency judgment. Because Great Western Bank failed to file any pleading or take any action to advance the final resolution of this ease for more than a year prior to the hearing on the Buckleys’ motion, we conclude the motion to dismiss for failure to prosecute was denied in error and we reverse.
This foreclosure action resulted in the entry of a final judgment of mortgage foreclosure on November 24, 1992. Great Western Bank obtained a writ of possession on May 7,
1993. The next record activity was the Buckleys’ motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e), filed on May 6, 1994. A hearing on that motion was held on May 12,
1994. On June 3, 1994, the trial court entered an order denying the motion to dismiss. The order stated that the motion to dismiss was “... denied without prejudice to the Defendants ... to raise the defense of failure to prosecute as raised in Defendants’ Motion To Dismiss in the event the Plaintiff attempts to pursue a deficiency decree in this action.”
After Great Western Bank filed a motion for the entry of a deficiency judgment in February 1995, the Buckleys renewed their efforts to have the case dismissed for failure to prosecute. The Buckleys’ efforts were unsuccessful. Upon entry of the deficiency judgment, they filed this appeal attacking the order of June 3, 1994, denying their motion to dismiss.[1]
*1148 Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995), sustains the Buckleys’ position that they were entitled to have this case dismissed for lack of prosecution before the entry of the deficiency judgment.[2] In Frohman, the supreme court held:
If more than one year has elapsed after a certificate of title was issued or since the last record activity moving the case forward has occurred, such as a petition for deficiency judgment, then the action is subject to dismissal upon motion filed pursuant to rule 1.420(e). Upon the filing of such motion, the court should determine whether any record activity has occurred during the one-year period prior to the filing of the motion to dismiss. If no good cause is shown for the lack of record activity, the motion should be granted.
660 So.2d at 636 (citation omitted).
Although the May 1994 motion to dismiss for failure to prosecute was filed one day early, its premature filing was not a bar to dismissal for lack of prosecution. , See Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla.1987). Barnett Bank addresses several issues that are also presented in this case. First, the filing of a motion to dismiss for lack of prosecution is not considered record activity precluding dismissal. See 508 So.2d at 720. Second, refiling of a prematurely filed rule 1.420(e) motion is unnecessary, as long as the motion is not ruled upon until after the expiration of the one-year period. See 508 So.2d at 720.
Here, there clearly was no record activity for more than one year after the writ of possession to the date of the hearing on the motion to dismiss. Rule 1.420(e) requires a party to show good cause in writing at least five days before the hearing on the motion why the action should remain pending. There is no written response from Great Western Bank in the record. Great Western Bank contends this court must presume good cause from the denial of the motion to dismiss where there is no record of the hearing on the motion. We conclude that denial of the motion without prejudice raises no presumption that good cause was shown. In fact, we draw just the opposite conclusion from the court’s failure to set forth in the order that good cause had been shown.
Having concluded the trial court erred by denying the Buckleys’ motion to dismiss for lack of prosecution, we reverse the final deficiency judgment and remand for entry of judgment in favor of the Buckleys on the deficiency issue.
ALTENBERND, A.C.J., and GREEN, J., concur.

. The Buckleys timely seek review of the June 3, 1994, order as it was not previously an appeal-able order. An order denying a motion to dismiss for lack of prosecution is not appealable as either final or as one of the enumerated appeal-able pretrial, nonfinal orders. See Southwinds Riding Academy v. Schneider, 507 So.2d 782 (Fla. 3d DCA 1987). It is not appealable as a post-judgment order because it is "merely a preliminary order in a proceeding that will eventually culminate in a subsequent final order.” PHILIP J. PADAVANO, FLORIDA APPELLATE PRAC *1148 TICE § 22.15, at 429 (2d ed.1997); see also Maryland Cas. Co. v. Century Const. Corp., 656 So.2d 611 (Fla. 1st DCA 1995) (order denying motion to dismiss a third-party complaint filed after the judgment in main action not appealable under Florida Rule of Appellate Procedure 9.130(a)(4) as an order entered after the judgment because the order would be appealable from the final judgment on the complaint).

. Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995), which we hold controls the decision in this case, was decided one year after the 1994 order denying the Buckleys’ motion to dismiss. However, after Great Western Bank filed for a deficiency and the Buckleys renewed their efforts to have the case dismissed, the court abated this action for a period of ninety days to await the decision in Frohman. It appears from the record that Frohman was available to the trial court prior to the time it again denied the motion to dismiss and granted the final deficiency judgment.