806 So.2d 596 (2002)
Trisha L. NETZLEY, Appellant,
v.
Ella Fay MAGINNESS; Esquire Limousine Service, Inc., a dissolved Florida corporation; Frank I. Shade, Jr., individually; and Frank I. Shade, Sr., individually, Appellees.
No. 2D01-904.
District Court of Appeal of Florida, Second District.
February 1, 2002.
William S. Galvano of Grimes, Goebel, Grimes, Hawkins & Gladfelter, P.A., Bradenton, for Appellant.
No appearance for Appellee, Ella Fay Maginness.
W. Scott Hamilton and James L. Price of Whitaker & Hamilton, P.A., Bradenton, for Appellees Esquire Limousine Service, Inc.; Frank I. Shade, Jr.; and Frank I. Shade, Sr.
ALTENBERND, Judge.
Trisha L. Netzley appeals an order dismissing her complaint for failure to prosecute. Because she served discovery within the relevant one-year window, this is a case in which record activity existed at the time the trial court dismissed the action. Under the guidelines announced in Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991), we conclude that Ms. Netzley's action should not have been dismissed.
Ms. Netzley was a passenger in a limousine that was allegedly struck by another vehicle driven by Ella Fay Maginness on June 3, 1993. On June 2, 1997, Ms. Netzley filed this lawsuit against the limousine service, Esquire Limousine Service (Esquire); its owners, Frank I. Shade, Sr., and Frank I. Shade, Jr.; and the driver of the other car, Ms. Maginness. Various documents, including answers, were filed with the court over the next eighteen months. Thereafter, the lawsuit languished. No activity occurred in this case except for Ms. Maginness's deposition, *597 which was taken on October 20, 1999. See Metro. Dade County v. Hall, 784 So.2d 1087 (Fla.2001) (holding that deposition taken in good faith and to move case forward is sufficient record activity to avoid dismissal for failure to prosecute).
A year after Ms. Maginness's deposition, on October 19, 2000, Ms. Netzley served her first set of interrogatories on the defendants and her notice of service. On November 16, 2000, all of the defendants except for Ms. Maginness responded to the interrogatories by filing a motion to dismiss for failure to prosecute. Thus, the issue in this case is whether Ms. Netzley's interrogatories, filed in the year preceding November 16, 2000, were served in good faith and designed to move the case forward. See Buckley v. Commonwealth Mortgage Assurance Co., 725 So.2d 1146, 1148 (Fla. 2d DCA 1998) (finding that when motion to dismiss for failure to prosecute is filed, court should determine whether any record activity has occurred during one-year period preceding the filing of motion).
Ms. Netzley's interrogatories asked the defendants to identify any witnesses they planned to call at trial. They also contained standard expert witness interrogatories. Finally, the interrogatories asked the defendants to identify all documents that they intended to introduce into evidence. This case had never been set for trial, and the defendants had never provided this critical information to Ms. Netzley at any time preceding these interrogatories.
Applying the test announced in Del Duca, 587 So.2d at 1308, the trial court was free to dismiss this action only if the discovery was filed in bad faith and without any design to move the case forward toward a conclusion on the merits. Even if we assume that these interrogatories were filed primarily to avoid dismissal of a dormant case, they were still designed to move the case forward. These interrogatories cannot be distinguished from the similar interrogatories in Del Duca. Accordingly, we must reverse the order of dismissal.
Reversed and remanded.
GREEN and SILBERMAN, JJ., Concur.