SILBERMAN, Judge.
Akram Angel Radwan appeals the order dismissing her complaint for failure to prosecute. We reverse and remand for further proceedings.
In July 1999 Radwan filed suit against Nationwide Mutual Fire Insurance Company and claimed uninsured/underinsured motorist insurance benefits. After various pleadings and discovery disputes, there was no record activity for over one year. Nationwide then filed its motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). Ten days prior to a scheduled hearing on the motion to dismiss, Radwan filed a verified response to the motion, outlining several grounds that she contended established good cause for the delay in prosecution.
At the hearing on the motion, the trial court indicated that the file did not reflect any record activity for a period in excess of one year prior to the filing of the motion to dismiss. In the order of dismissal, the trial court specifically noted that it was dismissing the complaint for failure to prosecute because Radwan had not filed a written showing of good cause at least five days before the hearing. It is evident that the trial court was not aware that Radwan had filed with the clerk of the court a verified response to the motion to dismiss ten days prior to the hearing.
Rule 1.420(e) provides that a party opposing a motion to dismiss for failure to prosecute may avoid dismissal if it “shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.” Because Radwan timely responded to the motion as contemplated by the rule, the trial court was required to make a determination of whether she had established good cause prior to dismissing her complaint. See Frohman v. Bar-Or, 660 So.2d 633, 636-37 (Fla.1995). Accordingly, we reverse and *1166 remand for the trial court to determine whether Radwan’s response established good cause sufficient to preclude dismissal of the complaint.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.