987 So.2d 733 (2008)
Joseph DELIO, Appellant,
v.
Elliot LANDMAN and Meghan Beuttenmuller, Appellees.
No. 4D07-2355.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
Rehearing Denied August 26, 2008.
J.K. Kivisto of Kivisto Law Firm, Lake Worth, for appellant.
Louis Giovachino, Weston, for appellee Elliot Landman.
PER CURIAM.
Appellant, Joseph Delio, appeals the trial court's final judgment for damages against him, asserting the trial court erroneously scheduled the trial for a day it knew his trial counsel was unavailable. We hold that the trial court did not abuse its discretion in proceeding with trial and affirm.
Appellee, Delio's landlord, Elliot Landman, filed a complaint against Delio alleging that he had violated the terms of his lease. A uniform pretrial order was filed setting the case for a calendar call on April 26, 2007 and setting the trial period the week of April 30. Neither Delio nor his counsel appeared at the calendar call, and a notice of trial was filed setting the date of the trial for May 1.
On April 30, Kivisto, Delio's attorney, filed a motion to strike notice of trial and/or motion for continuance, alleging that Landman "failed to comply with the pretrial requirements by failing to coordinate with counsel in the preparation and filing of a pretrial stipulation...." The motion asserted Kivisto would be unavailable *734 on the date of trial as well as that entire week. Also on April 30, Kivisto submitted a fax explaining his absence at the calendar call and his assumption that the matter would have been struck from the trial docket for Landman's failure to file a pretrial stipulation. Kivisto also sent a fax on April 30 informing the court that a minor surgery would render him unavailable during the entire week of May 1. On May 1, Kivisto sent another fax informing the trial court that his daughter was having surgery in Salt Lake City and that he was traveling to be with her and driving her car back after the surgery. Kivisto indicated he would not be back in town until May 17. Kivisto, however, did not set any of these matters for hearing, nor did he obtain any orders from the trial court. On May 4, the trial court's judicial assistant called Kivisto and informed him the trial would be re-set for May 10.
The trial took place on May 10 and neither Delio nor Kivisto was present. Following Landman's presentation of his case, the trial court entered a final judgment of $34,936.99 for Landman, $22,000 of which was for compensatory damages and $12,936.99 of which was for attorney's fees.
Delio now appeals the court's entry of judgment against him and argues the trial court erred in re-setting the trial date for a day it knew Kivisto would be out of town. Landman counters the trial court did not err in re-setting the trial date given Delio's repeated failure to appear and Kivisto's last minute notice of unavailability as well as the failure to file a motion for continuance.
We hold there was no abuse of discretion in the trial court's scheduling the case for trial, given the failure of appellant's trial counsel to attend calendar call, timely file his notices of unavailability for trial, and obtain a stipulation or court order for continuance of the trial. Although a notice of unavailability[1] is a useful pleading for apprising the court and the parties of potential scheduling conflicts and for assisting them in efforts to accommodate counsel, it is not an adequate substitute for obtaining a continuance order. The notice of unavailability does not divest the trial court of its authority to set trial dates and control its docket.
Affirmed.
WARNER, POLEN and TAYLOR, JJ., concur.
NOTES
[1] We have found nothing in the Florida Rules of Civil Procedure, Judicial Administration, nor the Local Rules or Administrative Orders of the 17th circuit which provides for use of a "Notice of Unavailability." The use of such a filing seems to be a creation of the Bar, and may be helpful in scheduling matters in the trial courts. This court, however, routinely strikes such notices when filed.