DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMENIC GROSSO** a/k/a **DOMENIC L. GROSSO,**
Appellant,

v.

**HSBC BANK USA, N.A.**, AS TRUSTEE ON BEHALF OF ACE SECURITIES
CORP., HOME EQUITY LOAN TRUST AND FOR THE REGISTERED
HOLDERS OF ACE SECURITIES CORP., HOME EQUITY LOAN TRUST,
SERIES 2007-HE4, ASSET BACKED PASS-THROUGH CERTIFICATES,
Appellee.

No. 4D14-3971

[April 27, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Richard L. Oftedal, Judge; L.T. Case No. 502012-CA-
005882 XXXXMB.

Peter Ticktin and Kendrick Almaguer of The Ticktin Law Group, P.A.,
Deerfield Beach, for appellant.

Alicia Gale Windsor, David F. Knobel and Jeremy W. Harris of Morris,
Laing, Evans, Brock & Kennedy, Chtd., West Palm Beach, for appellee.

STEVENSON, J.

The issue in this case is whether the trial court erred when it *sua sponte*
deemed a post-dismissal motion for costs abandoned after the motion
languished on the docket for eighteen months. We find the trial court
properly exercised its inherent authority.

HSBC Bank brought a foreclosure action against its borrower, Domenic
Grosso. A year later, HSBC voluntarily dismissed the action and the case
was closed. The case was reopened when counsel for the Borrower timely
filed a motion for costs, including attorneys' fees, under Florida Rule of
Civil Procedure 1.420(d).

There was no record activity in the reopened case for eighteen months.
Upon a review of the docket, Judge Richard Oftedal ordered the clerk to
administratively close the case and any pending post-trial motions not

previously set for a hearing were deemed abandoned. While the court's order was without prejudice, the effect was to preclude the Borrower from ever recovering the costs and attorneys' fees he incurred in defending the dismissed foreclosure action. The Borrower's motion for rehearing was denied.

On appeal, the Borrower urges this court to hold that closing the case for lack of record activity was equivalent to dismissing an action for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). Under the Rule, before dismissing an action for failure to prosecute, the court is required to provide notice so the parties have the opportunity to "re-commence prosecution of the action to avert dismissal." *In re Amendments to The Florida Rules of Civil Procedure (Two Year Cycle)*, 917 So. 2d 176, 182 (Fla. 2005) (Bell, J., concurring).

We find the Rule does not apply to this proceeding. Rule 1.420 applies to "Dismissal of Actions." The Borrower's claim for costs is not an "action" as that word is used in the Rule. The only "action" in this case was the foreclosure action brought by HSBC which was concluded on HSBC's notice of voluntary dismissal. The Borrower's claim is simply a motion, an "application to the court for an order." Fla. R. Civ. P. 1.100(b).

The Borrower argues that this court should treat his motion for costs as a separate "action" similar to the post-judgment action recognized by the Supreme Court in *Frohman v. Bar-Or*, 660 So. 2d 633 (Fla. 1995). In *Frohman*, the court was confronted with whether Rule 1.420(e) should be applied to post-trial proceedings (as opposed to pre-trial proceedings). The court carved out a very narrow exception, holding the rule "applies to post-trial proceedings in mortgage foreclosure actions such as the motion for deficiency judgment at issue here." *Id.* at 636.

The only similarity between *Frohman* and this case is that both originated as foreclosures. The Borrower's motion for costs is not analogous to *Frohman*'s motion for deficiency judgment because there is a separate, common law right of action to recover a deficiency judgment. § 702.06, Fla. Stat. (2015). The Borrower's entitlement to costs could not be pursued as a separate cause of action—rather it derives from Rule 1.420(d) as a result of the plaintiff's voluntary dismissal. We find the narrow *Frohman* exception does not apply to the Borrower's post-dismissal motion for costs.

Because we hold that Rule 1.420(e) does not apply to this proceeding, the issue becomes whether the trial court had the inherent authority to deem the Borrower's motion abandoned and close the case. "Inherent

2

power has to do with the incidents of litigation, control of the court's process and procedure, control of the conduct of its officers and the preservation of order and decorum with reference to its proceedings." *Petition of Fla. Bar*, 61 So. 2d 646, 647 (Fla. 1952). A trial court's decision on the management and control of its docket is reviewed for abuse of discretion. *See Delio v. Landman*, 987 So. 2d 733, 734 (Fla. 4th DCA 2008).

Judge Oftedal's presumption that the Borrower had abandoned his motion was not erroneous. "Generally, a motion which is not called to the attention of the court is presumed to have been waived or abandoned by the moving party." 60 C.J.S. *Motions and Orders* § 44 (2016); *see also Bridier v. Burns*, 200 So. 355, 356 (Fla. 1941) (on rehearing); *State, Dep't of Revenue v. Kiedaisch*, 670 So. 2d 1058, 1060 (Fla. 2d DCA 1996).

Here, counsel for the Borrower timely filed his motion for costs, but failed to pursue it. The promised affidavits supporting the motion were never submitted and the motion was never set for a hearing. We find that where the motion was left to languish on the docket for eighteen months, the trial court did not abuse its discretion by deeming the motion abandoned. We further find that the trial court did not err in denying the Borrower's motion for rehearing on its finding that "there is simply no excuse for not setting the Motion for hearing within a reasonable period of time, certainly within eighteen months of the date of filing."

*Affirmed.*

GROSS and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**