421 So.2d 1096 (1982)
SUNSHINE UTILITIES EQUIPMENT, INC., Appellant,
v.
TREASURE COAST UTILITIES, INC., Appellee.
No. 82-71.
District Court of Appeal of Florida, Fourth District.
October 6, 1982.
Rehearing Denied December 9, 1982.
Dennis J. Plews, Bradenton, for appellant.
J. Randolph Lipscomb of Von Arx & Lipscomb, Miami, for appellee.
*1097 HERSEY, Judge.
This is an appeal from a final judgment holding that the debt constituting the cause of action here had been merged into a judgment entered in earlier litigation.
The doctrine of merger operates to extinguish a cause of action on which a judgment is based and bars a subsequent action for the same cause. See Brinker v. Ludlow, 379 So.2d 999 (Fla. 3d DCA 1980). Thus, the debt or cause of action on which an adjudication is predicated is said to be merged into the final judgment.
In the instant case, the trial court determined that two checks at issue formed a portion of the debt upon which a previous judgment had been obtained and therefore were merged into that previous judgment. The record of the previous action, however, does not reflect that those checks constituted part of the cause of action. The complaint in that case specifically pled other debts and omitted any mention of the checks at issue here. Accordingly, the trial court's adjudication of merger must have been predicated on extrinsic evidence.
The doctrine of merger is comparable to res judicata and estoppel by judgment. Res judicata applies only as to matters within the issues framed by the parties or tendered by the pleadings; that is, matters which were distinctly put in issue. Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926). Likewise, it must appear that the points presented were determined in a prior action before the doctrine of estoppel by judgment can be applied. Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956). In identifying the issues previously adjudicated in order to apply the doctrine of either res judicata or estoppel by judgment, the court may consider only the record of that prior action. The same principle logically applies to the doctrine of merger. Therefore, the trial court here erred by considering extrinsic evidence concerning the prior judgment.
Appellant adequately preserved this point for review by his objection to the admission of certain documentary evidence because the best evidence of the issues adjudicated in the earlier litigation was the record. Because this issue results in a disposition in favor of appellant, his additional points on appeal regarding the admissibility of evidence, the weight of the evidence, and the denial of a motion for rehearing are not addressed.
We reverse and remand for entry of a judgment in favor of appellant.
REVERSE and REMAND.
LETTS, C.J., and DELL, J., concur.