468 So.2d 299 (1985)
Stewart L. KRUG, Esq., As Agent, Appellant,
v.
George N. MEROS, Appellee.
No. 84-1402.
District Court of Appeal of Florida, Second District.
March 27, 1985.
Rehearing Denied May 8, 1985.
*300 Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for appellant.
John T. Allen, Jr. of John T. Allen, Jr., P.A., and Michael J. Keane of Parker, Parker, *301 Bitting, Keane & Hayes, St. Petersburg, for appellee.
BOARDMAN, EDWARD F., (Ret.), Judge.
Appellant, Stewart L. Krug, Esquire (Krug), challenges a final summary judgment entered in favor of appellee, George N. Meros (Meros). The trial court entered the judgment based on its finding that Krug was estopped by a prior judgment from pursuing this action. We disagree and reverse.
Krug entered into a written agreement with H.A. Dennis, individually (Dennis), and K.M.A. Associates, Inc. (K.M.A.), by Dennis as president, to purchase twenty-five weekly timeshare vacation leases at a project known as "Grand Shores West" at Redington Beach, Florida. The agreement provided that Dennis and K.M.A. would resell all of the leases for Krug, at prices set forth in an appended price schedule, within a period of six weeks. The agreement further provided that if Dennis and K.M.A. failed to resell the leases within that time period, then Krug could return the unsold leases and exchange them for leases of his choice.
Pursuant to the agreement, Krug paid Dennis and K.M.A. $25,000 ($1,000 per lease) and K.M.A. executed and delivered the twenty-five leases to Krug. Each lease provided in part that it would be "for occupancy of the accommodations during the weekly periods indicated ... each year ... and recurring from year to year on the dates shown ... for a period of 99 years." Krug, in compliance with K.M.A.'s request, did not record the leases.
When Dennis and K.M.A. failed to fulfill their contractual obligations, Krug sued them for specific performance, accounting, and reformation. The gravamen of Krug's complaint was that he had the right to return the leases and exchange them for leases of his choice and that Dennis and K.M.A. had breached the contract by refusing to make the exchange. After Dennis and K.M.A. defaulted, Krug filed an affidavit of damages wherein he recited that the value of the leases he presently owned was $150,000, that the value of the leases that he requested be exchanged was $264,200, and that his damages resulting from Dennis and K.M.A.'s breach were $114,200. Judgment was entered in Krug's favor for $114,200 plus costs of $58.
Sometime after Krug purchased the leases, the record ownership was transferred from K.M.A. first to Grand Shores West, Limited, and then to Meros.[1] Meros has since refused to recognize any legal obligation to Krug with respect to the leases. Because of his refusal, Krug brought action against Meros for injunctive relief and damages. In his third amended complaint, Krug alleges that Meros did and continues to (a) refuse to recognize Krug's rights in the leases; (b) interfere with Krug's efforts to sell the leases; (c) fraudulently represent he is the owner of the leases; (d) rent out the premises subject to the leases for time periods included in the leases; and (3) unaccount for and appropriate any rental monies received. Meros defended by filing motions to dismiss each complaint, filing a notice of filing of a certified copy of the complaint and final judgment rendered in the prior action, and filing a motion for summary judgment which was based on an estoppel by judgment defense and on the absence of any genuine issue of material facts. Krug then filed a request for judicial notice of the affidavit he filed in the prior action. Counsel for the respective parties submitted memoranda of law on the motion for summary judgment. The trial judge granted the motion for summary judgment and this appeal followed.
We begin our analysis by an examination of the doctrine of estoppel by judgment. It is well settled that in order to apply this doctrine, the causes of action in the two suits must be different and the real parties in interest must be identical to both suits. Seaboard Coast Line R.R. v. Cox, 338 So.2d 190 (Fla. 1976); Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, *302 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); McGregor v. Provident Trust Co., 162 So. 323 (Fla. 1935). These elements are both present here  the first suit, based on breach of contract, was brought against Dennis and K.M.A.; the second suit, based on the tort of fraud, is brought against Meros, the successor in interest. Notwithstanding the presence of these two elements, the judgment in the first action only estops the parties or their privies from relitigating in the second suit issues common to both causes of action which were actually presented, fully litigated, and resolved in the first suit. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Field v. Field, 91 So.2d 640 (Fla. 1956); Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Gordon; Lorf v. Indiana Insurance Co., 426 So.2d 1225 (Fla. 4th DCA 1983); Sunshine Utilities Equipment, Inc. v. Treasure Coast Utilities, Inc., 421 So.2d 1096 (Fla. 4th DCA 1982); Stevens v. Len-Hal Realty, Inc., 403 So.2d 507 (Fla. 4th DCA 1981); Sun State Roofing Co. v. Cotton States Mutual Insurance Co., 400 So.2d 842 (Fla. 2d DCA 1981); Weigh Less for Life, Inc. v. Barnett Bank, 399 So.2d 88 (Fla. 1st DCA 1981); Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977). Thus where it is sought to apply the doctrine of estoppel by judgment, inquiry must be made to make certain that the precise facts or questions distinctly put in issue were actually determined by the former judgment. Gordon; Prall v. Prall, 50 So. 867 (Fla. 1909); Sun State Roofing Co.; Seaboard Coast Line R.R. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972); Stone v. Stone, 111 So.2d 486 (Fla. 3d DCA 1959).
In identifying the issues previously adjudicated, the court may consider only the record of the prior action. Sunshine Utilities Equipment, Inc. Here, that prior record consists of Krug's complaint, Krug's affidavit, and the judgment. Our examination of these three documents reveals that the only issue determined in the first suit was a breach of contract. The issue as to whether Krug had any interest in or rights to the leases was not contested and, consequently, was never before the trial court. Indeed, the judgment in the first action, based on only the complaint and filed affidavit, awarded damages sufficient to compensate Krug for the difference in value between the first set of leases he was required to retain and the second set he was not permitted to receive in exchange when the leases were not sold. The judgment, therefore, in no way affected Krug's continued rights as lessee under each ninety-nine year lease. Indeed, the record on appeal is devoid of any substantial, competent evidence demonstrating that Krug conveyed, released, or assigned his rights under those leases to any other person, including Meros.
In any event, Meros, as the party claiming the defense of estoppel by judgment, has the burden of sufficiently establishing in the record that the issue of fraud was actually litigated and determined with sufficient certainty in the prior action so as to mandate the trial court's acceptance and application of the estoppel by judgment defense. Prall; Architectural Research, Inc. v. Stetson, 444 So.2d 973 (Fla. 4th DCA 1983), petition for review denied, 453 So.2d 45 (Fla. 1984); Freehling v. MGIC Financial Corp., 437 So.2d 191 (Fla. 4th DCA 1983); Sun State Roofing Co.; Allstate Insurance Co. v. A.D.H., Inc., 397 So.2d 928 (Fla. 3d DCA 1981); Seaboard Coast Line R.R. v. Industrial Contracting Co.; Stone. On this record, Meros has not, at least at this posture of the case, met his burden. He has no way of conclusively proving, and we do not know, that the issue of Krug's rights in and to the leases were clearly determined in the prior action and that this issue was indeed the theory used by the trial judge in entering the prior judgment for Krug. Additionally, the prior judgment entered after default is not conclusive as to any defense or issue which was not raised and is not necessary to uphold the default judgment. See Perez v. Rodriguez, 349 So.2d 826 (Fla. 3d DCA 1977). Therefore, we believe there is support to bolster Krug's contention that the issue of his rights to the leases and the *303 alleged fraudulent conduct by Meros with respect to these leases had not been resolved by the trial court in the first suit. Where an issue is not litigated in a prior suit, estoppel by judgment does not arise. Robertson v. Robertson, 61 So.2d 499 (Fla. 1952). See Stevens; Liachoff v. Marien, 376 So.2d 468 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980).
Finally, we note that the doctrine of estoppel by judgment does not apply where unanticipated subsequent events create a new legal situation. Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, 245 So.2d 625 (Fla. 1971); Wagner v. Baron, 64 So.2d 267 (Fla. 1953). Such is the case before us where the original parties did not anticipate that the successors in interest would refuse to recognize a legal obligation to Krug regarding the existing leases.
Accordingly, we hold that the trial court erred in applying the doctrine of estoppel by judgment. We further hold that the entry of summary judgment in favor of Meros was improper because material issues of fact remain regarding Krug's allegations of fraud and his entitlement to an accounting and injunctive relief. See Stevens; Smyrna Developers, Inc. v. Bornstein, 177 So.2d 16 (Fla. 2d DCA 1965). For the reasons stated above, we reverse the judgment and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
OTT, A.C.J., and LEHAN, J., concur.
NOTES
[1] See K.M.A. Associates, Inc. v. Meros, 452 So.2d 580 (Fla.2d DCA 1984).