488 So.2d 879 (1986)
Vernie Ray BARNES, Appellant,
v.
ESCAMBIA COUNTY EMPLOYEES CREDIT UNION, a florida Corporation, Appellee.
No. BG-408.
District Court of Appeal of Florida, First District.
May 14, 1986.
*880 Paul A. Rasmussen, of Eggen & Rasmussen, Pensacola, for appellant.
John B. Carr, Pensacola, for appellee.
WIGGINTON, Judge.
This appeal is from an order denying a motion for summary judgment and awarding to appellee a deficiency judgment. The issue posed for our consideration is whether an action brought by a petition for assessment of a deficiency is barred if not brought within one year from the date of the entry of the final judgment of foreclosure. We affirm.
On May 5, 1977, appellant executed and delivered a promissory note and mortgage securing payment of the note to appellee. Appellant subsequently defaulted under the terms of the note on March 31, 1978, and a complaint for foreclosure was filed on December 26, 1979. Among other things, the complaint prayed that a deficiency judgment be entered for the sum remaining unpaid against appellant. The final judgment in foreclosure was entered on September 5, 1980, and specifically reserved jurisdiction to enter further orders including a deficiency judgment. Following foreclosure sale, a certificate of title to the property was entered on October 15, 1980.
A Petition for Assessment of Deficiency Judgment was filed on September 7, 1982. Although a hearing on the petition was scheduled for November 1982, it was cancelled when former counsel for appellant was invested as circuit judge. The case sat dormant until February 8, 1984, when appellant's present attorney was substituted as counsel of record. On December 20, 1984, appellant filed his response to the petition, said response containing the affirmative defense that the statute of limitations for deficiency judgment had run in this cause. A motion for summary judgment based on that affirmative defense was filed by appellant, and denied by the court on February 21, 1985. A final deficiency judgment was entered on April 26, 1985, prompting this appeal.
Appellant bases his contention on the holding in Colmes v. Hoco, Inc. of Dade County, 152 So.2d 524 (Fla. 3d DCA 1963), wherein the court stated:
As to the jurisdiction of the chancellor to entertain the motion for deficiency, it is apparent that having reserved jurisdiction to consider such an issue in the final decree, he certainly had the jurisdiction if there was a timely application made for a deficiency. It appears from the authorities that a timely application for a deficiency would be either the period within the limitation statute for instituting a cause of action under the note and mortgage [see: 22 Fla.Jur., § 417], or the one-year period within which the cause could have been abated pursuant to § 45.19 Fla. Stat., F.S.A., whichever period occurred first.
At 525. Section 45.19 was repealed in 1967 by chapter 67-254 and was replaced by Florida Rule of Civil Procedure 1.420(e) which deals with the failure to prosecute.
Appellee counters that the applicable statute of limitations, section 95.11, Florida Statutes, provides a five-year period for commencing this action, the default on the note and mortgage having been on March 31, 1978, and the deficiency action being commenced following the foreclosure on September 7, 1982, is clearly within the statutory period.
We agree with appellee and affirm. The general rule is that "a deficiency judgment *881 or decree is barred when an action on the debt secured by the mortgage is barred." 37 Fla.Jur.2d Mortgages, et Cetera, § 405 (1982). As noted by appellee, the applicable statute of limitations is section 95.11, providing a period of five years. Since appellee filed its petition within that period, this cause could be dismissed only under the present rule 1.420(e) if good cause is not shown for inactivity in the case for a period of one year. See also Steketee v. Ballance Homes, Inc., 376 So.2d 873 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 754 (Fla. 1980). However, rule 1.420(e) "is not self-executing. The moving party must seek dismissal prior to resumption of affirmative action toward prosecution of the case." Equity Capital Company v. 601 West 26 Corp., 223 So.2d 762 (Fla. 3d DCA 1969).
Since appellant failed to move for dismissal under the rule, the trial court had no reason to dismiss the cause or grant appellant's motion for summary judgment. The final deficiency judgment and the order denying appellant's motion for summary judgment are affirmed.
BOOTH, C.J., and SHIVERS, J., concur.