507 So.2d 709 (1987)
Arthur ARGERENON and Barbara Argerenon, His Wife, Appellants,
v.
ST. ANDREWS COVE I CONDOMINIUM ASSOCIATION, INC., a Florida Not-for-Profit Corporation, Appellee.
No. 86-2391.
District Court of Appeal of Florida, Second District.
May 15, 1987.
*710 Laura J. Rayburn, of Dunbar, Boyer & Rayburn, Dunedin, for appellants.
Raymond C. Conklin, of Stolba, Englander, Conklin, Brainard, DiSano & Verona, P.A., St. Petersburg, for appellee.
PER CURIAM.
In this appeal from the grant of summary judgment in favor of defendant/appellee St. Andrews Cove I Condominium Association, Inc., plaintiffs/appellants argue that their instant suit is not foreclosed by either the statute of limitations, res judicata (or estoppel by judgment), or collateral estoppel based on their membership in the class of a prior successful class action against the developer of the condominium in which they live. We agree. Because we find that appellants have demonstrated that there are material facts still in dispute regarding whether their individual claim for damages from mold and mildew in the interior of their condominium unit were previously proven and judgment awarded thereon, we find that summary judgment at this stage of the proceedings is premature.
Furthermore, reliance on res judicata, or estoppel by judgment as argued in the alternative, must be grounded on identity of several particulars, some of which are not identical in the instant case. Specifically, for estoppel by judgment to be a bar to a subsequent suit, the causes of action in the two suits must be different and the real parties in interest must be identical to both suits. See Krug v. Meros, 468 So.2d 299 (Fla. 2d DCA), petition for rev. denied, 480 So.2d 1295 (Fla. 1985), and cases cited therein. Sufficient inquiry must also be made, inquiry which has not yet been made in the instant case, as to which precise facts or questions were distinctly put in issue and were actually determined by the former judgment. Krug, 468 So.2d at 302. Appellants must be provided an opportunity to present their individual case, not common to the previous class action in an effort to fix liability for their damages. Naturally, appellees will have their own opportunity to defend by showing that these facts were indeed fully presented and decided in the former judgment in favor of a finding of no liability on the part of the association.
Although we have difficulty in distinguishing the alleged separate causes of action in the two suits under scrutiny here, it is clear that the real parties in interest, the individual unit owners (appellants) and the association were aligned on the same side of the case in the previous class action but are adversaries for the first time in the instant case. Unless they were in such an adversarial position to fully litigate the issue between them to a full conclusion, the outcome of the earlier litigation could have no effect in the subsequent case to provide a bar on the ground of collateral estoppel. Gonzalez v. Gonzalez, 413 So.2d 97 (Fla. 3d DCA 1982).
We hold specifically that the statute of limitations is not a ground upon which a summary judgment could have been based as the damages have recurred within the statutory time limit. Kulpinski v. City of Tarpon Springs, 473 So.2d 813 (Fla. 2d DCA 1985). As indicated above, collateral estoppel could not support the summary judgment either. The grounds of res judicata or estoppel by judgment have not yet been fully explored. We therefore reverse the trial court's grant of summary judgment and remand for further proceedings consistent with this opinion.
DANAHY, C.J., and RYDER and SANDERLIN, JJ., concur.