DANAHY, Judge.
The appellant challenges an order dismissing its URESA petition seeking reimbursement of public assistance paid by the State of New York for the benefit of the minor child of Gloria Jackson. We reverse.
Although the order of dismissal does not reflect the grounds for the dismissal, it appears that the trial court felt this proceeding was barred by res judicata based on a prior proceeding in the same court in which the appellee was required to pay reimbursement of public assistance to the State of Florida in the sum of $1,432.
Res judicata does not apply unless there is an identity of real parties in interest and an identity of the causes of action. See Argenon v. St Andrews Cove I Condominium Ass’n, 507 So.2d 709 (Fla. 2d DCA 1987). These identities are not present as between this proceeding initiated by the State of New York and the prior proceeding initiated by the State of Florida. Accordingly, the trial court erred in dismissing the petition filed by the State of New York for reimbursement of public assistance paid by it.
We reverse and remand this case for further proceedings.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.