FERGUSON, Judge
(dissenting).
The question presented in this appeal is whether a chapter 11 bankruptcy determination has a res judicata effect on pending state court claims and counterclaims between a former officer/shareholder and other shareholders for breach of fiduciary duties, where the bankruptcy judge finds, on the pertinent issue, that a corporation’s stock is worthless, and that the departure of the officer/shareholder from the corporation caused the stock’s decline in value. In my opinion, the bankruptcy judgment has no preclusive effect because the breach of fiduciary duty issue was not presented to and was not actually litigated by the bankruptcy court, nor was a resolution of the fiduciary issue essential to the bankruptcy determination. See Argerenon v. St. Andrews Cove I Condo. Ass’n, Inc., 507 So.2d 709, 710 (Fla. 2d DCA 1987).
Hochstadt v. Orange Broadcast, 588 So.2d 51 (Fla. 3d DCA 1991), is distinguishable. Hochstadt sued Siegel and Orange Broadcast in state court claiming fraud and that part of a 1984 loan had not been repaid. The state action was stayed by Siegel’s bankruptcy action. In the bankruptcy action, Hochstadt claimed again that the 1984 loan remained unpaid and that he had been defrauded by Siegel. Following a two-day trial, the bankruptcy court found, specifically, that the debt had been paid and that no fraud had been shown. Ho-chstadt’s pending state claim was dismissed as precluded by the bankruptcy determinations. The appellate court affirmed, holding that the issues presented in the state court action had actually been litigated in a prior proceeding where the stakes were identical, and that the determination of those issues was a critical and necessary part of the first litigation. The same has not, and cannot, be said of this case.