KAHN, Judge.
The United States challenges the lower court’s order disbursing excess foreclosure sale proceeds .to Mrs. Willie Inez Sneed, contending that its claim to the proceeds was superior to Mrs. Sneed’s claim. We reverse.
In 1982, the Federal Land Bank of Columbia, as first mortgagee, filed a complaint for foreclosure of 130 acres of land in Suwannee County owned by Heard and Willie Inez Sneed. The United States of America through the Farmers Home Administration (United States) was also named as a defendant since it held second, third, and fourth mortgages totalling $97,-400.00 on the same land. A default was entered against the Sneeds for failure to serve any responsive pleading. The United States filed an answer to the complaint, requesting the court, among other things, to adjudicate the equities of the parties, allow the United States to exercise its right of redemption within one year if the property was sold, and apply the proceeds derived from any sale to the liens of the parties in order of their priority. The lower court entered a final judgment of foreclosure finding that the Federal Land Bank of Columbia was due $35,779.51 and ordering the property sold to the highest bidder. The lower court also gave the United States a right of redemption and reserved jurisdiction to enter further orders.
At the foreclosure sale, the United States made the successful bid of $76,624.66, which it promptly paid into the court registry. The clerk of the circuit court issued a certificate of title to the United States, disbursed all proceeds due to the Federal Land Bank of Columbia, and left the excess of $39,827.39 in the registry pending fur *1094 ther order of the court. The United States sold the foreclosed property to John and Wanda Chambliss in 1985 for $62,500.00. No further action regarding the surplus proceeds was taken until 1991.
In December 1991, Mrs. Sneed filed a motion for disbursement of the surplus proceeds.[1] The United States opposed the motion and candidly admitted that it had neglected to request the disbursement of the surplus proceeds during the preceding nine years. At the hearing on the motion, the United States introduced evidence relative to the second, third and fourth mortgages on the Suwannee County land. The unrefuted evidence proved that as of October 1991, the Sneeds owed the United States $87,217.88 principal plus $62,836.85 interest. In April 1992, the circuit court entered an order disbursing the proceeds to Mrs. Sneed without determining the order of priority of the parties. The court found that the United States had failed to establish its lien and indebtedness by not filing a crossclaim or counterclaim and was barred by the statute of limitations to establish any indebtedness on the part of the Sneeds, citing Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986).
The questions presented by the United States are (1) whether the United States had a superior right to the surplus proceeds; (2) whether Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986), is applicable to this case; and (3) whether the United States is barred by any state or federal statute of limitations. The United States argues that it is entitled to the surplus proceeds because it is a junior lienholder with priority over the owner, Mrs. Sneed, that Barnes, supra, is distinguishable from this case, and that it is not barred by any statute of limitations.
The rights of the United States as a junior lienholder and of Mrs. Sneed as owner are governed by case law. “[A]ny surplus remaining after a foreclosure sale should be paid to the junior lienholders in accordance with the priority of their liens on the property and ... only after the liens have been satisfied may any surplus be disbursed to the owner of the equity of redemption.” General Bank, F.S.B. v. Westbrooke Pointe, Inc., 548 So.2d 736 (Fla. 3d DCA 1989). The rights of the United States arose at the time of the foreclosure and have not been extinguished. Mrs. Sneed has no equitable claim to the surplus because the junior lienholder’s claim has not been satisfied.
Although the United States did not offer proof of the exact amount owed to it until the hearing in 1992, proof of the indebtedness was offered at the time of the foreclosure. The circuit court erred by focusing upon the United States’ failure to file a crossclaim or a counterclaim. See D.A.D., Inc. v. Poole, 407 So.2d 1072 (Fla. 4th DCA 1981); Schroth v. Cape Coral Bank, 377 So.2d 50 (Fla. 2d DCA 1979). In the answer to the complaint, the United States adequately asserted its right to the proceeds. The failure to schedule a hearing on the disbursement of such proceeds, while neglectful and even dilatory, has not divested the United States of its right.
The statute of limitations defense raised by Mrs. Sneed is inapplicable. In the final judgment of foreclosure, the lower court reserved jurisdiction to enter further orders in the case. Such a reservation of jurisdiction continued the court’s authority to distribute the proceeds.[2]
Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986), cited by the lower court to support the finding that the United States’ claim to the proceeds is barred by the statute of limitations, is distinguishable from the instant case. In Barnes this court applied a five year statute of limitations to a petition for a deficiency judgment. The instant case, on the other hand, concerns a junior lienor’s entitlement to surplus proceeds, as against a previously defaulted mortgagor. *1095 No statutory limitations period bars the United States in this case.
The order disbursing proceeds is REVERSED and the cause REMANDED for the circuit court to distribute the surplus proceeds to the United States.
ALLEN and WOLF, JJ., concur.

. Mr. Sneed died on July 11, 1984.

. Mrs. Sneed never sought dismissal on the basis of failure to prosecute. Fla.R.Civ.P. 1.420(e).