FRANK, Chief Judge.
Barnett Recovery Corporation (BRC) appeals from a summary judgment entered in favor of the debtor, Henry Fornasari. BRC’s claim against Fornasari began with a transaction in which Barnett Bank of Southwest Florida became the assignee of Forna-sari’s installment contract executed when he purchased a motor home. Fornasari defaulted in his payments to Barnett Bank in December of 1988. Barnett Bank accelerated the payments due under the purchase agreement and repossessed the motor home in January of 1989. The motor home was sold in February of 1989 and BRC began the present action in August of 1993, more than four years from the moment when a deficiency occurred between the unpaid amount of Fornasari’s debt and the sale.
Fornasari successfully resisted BRC’s claim for a default judgment, asserting that the four year statute of limitation, not a five year statute, controlled this matter. Forna-sari and the trial court were in error in their common assessment of this matter. BRC’s claim stems from the installment contract and not section 679.504(2), that portion of the Uniform Commercial Code conferring upon the creditor the ability to dispose of property securing a debt and imposing certain obligations upon the creditor designed to protect the debtor from unfair treatment. Contrary to Fornasari’s view, however, the statute does not regulate the element of liability arising from a contract. BRC’s cause of action derives entirely from the installment contract and is governed by the five year *1275 period prescribed in section 95.11(2)(b), Florida Statutes (1993). See Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986).
Accordingly, we reverse and vacate the summary judgment and remand this matter for further proceedings consistent with this opinion.
DANAHY and LAZZARA, JJ., concur.