WARNER, C.J.
The appellants sued their former attorneys for negligence, claiming that they negligently prepared a notice of voluntary dismissal which dismissed appellants’ cause of action with prejudice, thereby precluding appellants from refiling their claim. The trial court granted the dismissal of the complaint, concluding that the statute of limitations had run. Regardless of whether appellants’ claim against their attorneys is treated as a malpractice claim with a two year statute of limitations or as an ordinary negligence claim with a four year statute of limitations, appellants have filed outside the statute of limitations, and we affirm the trial court’s order.
Appellants strenuously argue that their former attorneys were not in privity with them when they filed the erroneous notice of voluntary dismissal, as they had withdrawn from representation earlier. Therefore, they claim this is not a malpractice claim, which is governed by a two year statute of limitation. We do not need to decide this issue, as even if this is considered an ordinary common law negligence action, the statute of limitations still has run.
A cause of action for general negligence must be commenced within four years. See § 95.11(3)(a), Fla. Stat. (1999). Pursuant to section 95.031(1), “[a] cause of action accrues when the last element constituting the cause of action occurs.” In the instant case, the elements of the cause of action were the existence of a duty, breach of that duty, causation, and damage to the appellants. See Miller v. Foster, 686 So.2d 783, 783 (Fla. 4th DCA 1997). Assuming that appellees had a duty, it was breached when they filed the notice of voluntary dismissal with prejudice on April 18, 1994, and the damages, if any, accrued on that date, because appellants’ cause of action was lost by the dismissal with prejudice. This suit was not filed until April 19, 1999, five years after the cause of action accrued and after the statute of limitations had expired.[1] Even if appellants did not know of the dismissal with prejudice at that time, it is clear from the allegations of the complaint that appellants knew of the dismissal and its effect prior to April 18, 1995, and thus the complaint was still not filed within the statute of limitations.
Appellant’s reliance on Silvestrone v. Edell, 721 So.2d 1173 (Fla.1998), on the issue of the accrual of their cause of action is misplaced. Silvestrone involves the accrual of a malpractice cause of action, which appellants adamantly disavow that they have alleged. They cannot rely on *1168 malpractice cases to establish accrual of a cause of action and then apply it to a common law negligence action.
For the foregoing reasons, we affirm.
STEVENSON, J., and OFTEDAL, RICHARD L., Associate Judge, concur.

. Because the damage of the loss of the cause of action was complete when the notice of voluntaiy dismissal was filed, we do not view the failure of the motion to vacate the voluntary dismissal, filed a year later, as somehow extending the period of limitations for the act of negligence which, caused the damage to appellants.