HARDING, J.,
dissenting.
I would grant jurisdiction in this case in order to resolve the conflict between the case below and Blumberg v. USAA Casu *68 ally Insurance Co., 790 So.2d 1061 (Fla.2001). The district court stated that Sil-vestrone[1] only applies to malpractice actions, not common law negligence actions. See Nale v. Montgomery, 768 So.2d 1166, 1167-68 (Fla. 4th DCA 2000). However, In Blumberg, this Court recently held that “a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client’s right to sue in the related or underlying proceeding expires.” 790 So.2d at 1065. Hence, pursuant to Blum-berg, when determining whether a cause of action has accrued, the same rule applies regardless of whether the action is for malpractice or common law negligence. By dismissing this case and allowing the analysis in the case below to stand, the majority calls into question the viability of this Court’s opinion in Blumberg.

. Silvestrone v. Edell, 721 So.2d 1173 (Fla. 1998).