895 So.2d 475 (2005)
Robert ELMORE and Lauderdale Sand & Fill, Inc., a Florida corporation, Appellants,
v.
FLORIDA POWER & LIGHT CO., a Florida corporation, Appellee.
Nos. 4D04-88, 4D04-674.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Rehearing Denied March 29, 2005.
*476 Bruce S. Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, for appellants.
Robert C. Grady and Michael D. Katz of Katz, Barron, Squitero, Faust, Brecker, Terzo, Friedberg & Grady, P.A., Fort Lauderdale, for appellee.
GREENE, CHARLES M., Associate Judge.
Robert Elmore and Lauderdale Sand & Fill, Inc. ("LS & F"), counter-defendants, timely appeal both the final judgment entered in favor of Florida Power & Light Co. ("FPL"), counter-plaintiff, and the cost judgment entered thereafter. These appeals are consolidated for our review.
This case essentially presents a question of law regarding whether the undisputed date of the filing of a counterclaim needs to be submitted as evidence to a jury in order to survive a directed verdict on a statute of limitations affirmative defense.
In January 1999, Elmore and two other plaintiffs filed a complaint against FPL for trespass across their respective properties. On February 11, 1999, in response to this complaint, FPL filed a counterclaim against Elmore and a third party complaint against LS & F, Elmore's dredging and excavation company. The counterclaim alleged trespass, breach of the amended and restated easement, and negligence. The negligence counterclaim was the only claim still pending at the time of trial.
FPL had a contract with Elmore and LS & F that permitted them to dredge sand from a lake owned by FPL. The basis of FPL's negligence claim was that Elmore and LS & F negligently dredged and excavated the lake, resulting in loss of stability to transmission structures, anchors, guide wires, and power poles located on peninsulas in the lake and requiring FPL to relocate them. Elmore and LS & F denied acting negligently and raised statute of limitations and comparative negligence affirmative defenses.
After the close of all the evidence, FPL moved for a directed verdict on Elmore and LS & F's statute of limitations affirmative defense. Specifically, counsel for FPL asserted, "There is absolutely no evidence, not a scintilla of evidence in this record that anybody from FPL had a clue that was going on from prior to 1995. . . . [S]o I don't think there is any evidence in the record, and no reasonable inference can be made from any facts that are in the record that FPL had knowledge prior to February 11, 1995 of these facts." Counsel *477 for Elmore and LS & F disputed this claim.
Following a denial of FPL's motion for a directed verdict, a discussion ensued regarding the jury instructions. The attorneys informed the judge that they disagreed on the instruction regarding the sufficiency of the evidence of the statute of limitations affirmative defense. Both submitted proposed written instructions, thereby preserving the issue for appellate review. See Luthi v. Owens-Corning Fiberglass Corp., 672 So.2d 650, 652 (Fla. 4th DCA 1996). The judge selected Elmore and LS & F's proposed jury instruction which, in sum and substance, stated that the counterclaim would be barred by the statute of limitations on any claim that occurred prior to February 10, 1995. The parties then submitted proposed verdict forms to the court. Elmore's verdict form included the following question:
Did FPL file its action against Elmore and Lauderdale Sand & Fill, Inc. within four (4) years from the time it knew or should have known of the existence of its claim?
Counsel for FPL had a problem with the verdict form and a colloquy took place between counsel and the court. During the colloquy, the court sua sponte raised, for the first time, the issue regarding the lack of evidence as to the date the counterclaim was filed. The court found that the jury could not make a decision about the statute of limitations because the date the suit was filed was never submitted into evidence. Therefore, the court granted a directed verdict in favor of FPL on the statute of limitations defense. The jury found in favor of FPL on the negligence claim and awarded FPL the full amount of damages requested. The trial judge entered a final order in favor of FPL on October 2, 2003.
Elmore and LS & F filed a motion for a new trial arguing, among other things, that the trial court erred in excluding the statute of limitations instruction and granting FPL's directed verdict. They claimed that the entry of the directed verdict was improper because they did not need to submit evidence of the date the counterclaim was filed in order to prove their affirmative defense. They also asserted that even if they did need to present this evidence, the court could have taken judicial notice of the date. The court denied the motion and this appeal follows.
After entry of the final judgment, FPL moved to tax costs. The court granted the motion and taxed costs against Elmore and LS & F. Elmore and LS & F's appeal of this cost judgment has been consolidated with their appeal of the final judgment. Elmore and LS & F assert that if the final judgment is reversed, this court should also reverse the cost judgment.
Elmore and LS & F argue on appeal that the trial court erred in granting a directed verdict on their statute of limitations affirmative defense. They assert that while the date that FPL knew or should have known about the alleged negligence is a disputed issue of fact, the date that the lawsuit was filed is not a disputed fact that needed to be submitted to the jury. They maintain that the date their counterclaim was filed is an undisputed matter of record. FPL counters that Elmore and LS & F were required to prove the filing date because it is a necessary element of the statute of limitations affirmative defense. Essentially, the issue in this case is whether a party is required to submit evidence of the date a claim is filed in order to survive a directed verdict on a statute of limitations affirmative defense. This pure question of law is subject to de novo review. See Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000).
*478 It is well settled that "[a] cause of action for general negligence must be commenced within four years." Nale v. Montgomery, 768 So.2d 1166, 1167 (Fla. 4th DCA 2000); § 95.11(3)(a), Fla. Stat. (1999). "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (1999). The pleader has the burden to prove the statute of limitations affirmative defense. Town of Miami Springs v. Lawrence, 102 So.2d 143, 146 (Fla.1958). Therefore, to prove the statute of limitations defense on the negligence cause of action, Elmore and LS & F were required to prove that the cause of action accrued prior to February 11, 1995, exactly four years before the counterclaim was filed on February 11, 1999. While case law requires a defendant to prove the statute of limitations affirmative defense, there is no specific requirement that the defendant submit the date of the lawsuit to the jury. See Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979) (holding defendant had burden to prove that medical malpractice action was filed more than two years after it was discovered or should have been discovered in order to establish statute of limitations affirmative defense).
Elmore and LS & F could have requested the court take judicial notice of the filing date. Section 90.203, Florida Statutes (1999), requires a court to take judicial notice of any matter in section 90.202 when the party requesting the notice complies with certain requirements. However, even without such a request, the court could have taken judicial notice of the date of filing on its own. Section 90.202(6), Florida Statutes (1999), gives a court discretion to take judicial notice of "[r]ecords of any court of this state or of any court of record of the United States. . . ." The comment following the statute states, "The court may take judicial notice of these matters, whether or not it is requested by a party to do so." § 90.202, Fla. Stat. "Every court will take judicial notice of its own records appearing in the case before it for consideration." Tower Credit Corp. v. State, 183 So.2d 255, 256 (Fla. 4th DCA 1966).
Moreover, while a file marking on a complaint is evidence of the filing date that can be rebutted, Brooks v. Elliott, 593 So.2d 1209, 1210 (Fla. 5th DCA 1992), no such rebuttal was made in this case. There was no dispute that the counterclaim was filed on February 11, 1999. No objection as to the date the counterclaim was filed was made at trial. In fact, FPL at least implicitly acknowledged in its motion for directed verdict the date on which the lawsuit was filed was undisputed as it stated that "no reasonable inference can be made from any facts that are in the record that FPL had knowledge prior to February 11, 1995 of these facts." Moreover, when the trial judge selected Elmore's jury instruction on the statute of limitations, which twice stated that if FPL knew or should have known about its claim prior to February 10, 1995, then its claim is barred by the statute of limitations, FPL never argued that the date was in dispute. "[W]hile it is error to assume in charges facts that are disputed or not conceded, it is not error to assume the existence of a fact shown by uncontroverted testimony." Atl. Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 So. 712, 715 (1910). Clearly, the filing date of the counterclaim could be viewed as an undisputed fact that the trial judge could have assumed in the jury instructions.
There is no requirement that a defendant has to prove the date a claim is filed when asserting a statute of limitations affirmative defense. It was not an element that needed to be submitted to the jury. Even if the filing date did need to be *479 submitted to the jury, it is an uncontradicted or undisputed fact that the judge may have properly included in the jury instruction. Because it was not an element that needed to be proven, the trial court erred in granting a directed verdict on this issue, requiring reversal.
The appeal of the cost judgment should also be reversed. "[W]here the judgment on which a cost judgment is predicated is reversed, the original cost judgment also cannot stand." Mulato v. Mulato, 734 So.2d 477, 478 (Fla. 4th DCA 1999).
Accordingly, the judgment entered by the trial court is REVERSED and REMANDED for a new trial on the issue of the statute of limitations.
FARMER, C.J., and SHAHOOD, J., concur.