906 So.2d 343 (2005)
Joleen CHRESTENSEN, Appellant,
v.
EUROGEST, INC., and Gerhard Estner, Appellees.
No. 4D04-1948.
District Court of Appeal of Florida, Fourth District.
July 13, 2005.
*344 Mark W. Rickard of Jacobson, Sobo & Moselle, Plantation, for appellant.
Philip M. Warren of Philip M. Warren, P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, for appellees.
POLEN, J.
Joleen Chrestensen appeals a final order dismissing with prejudice her amended complaint seeking a post-foreclosure deficiency judgment, based upon the alleged expiration of the statute of limitations period. We reverse, holding that the statute of limitations for a deficiency judgment does not begin to run until the foreclosure judgment and subsequent foreclosure sale, not at the default date of the underlying mortgage note. The following facts relevant to the statute of limitations are undisputed:
1. The underlying note and mortgage went into default on November 1, 1996.
2. An amended final judgment of foreclosure was entered on October 4, 1999.
3. The foreclosure sale took place on October 19, 1999. Chrestensen was the highest bidder at the judicial sale and acquired the property for $100.
4. Chrestensen sold the property on October 29, 1999 for $1,100,000.00.
5. Chrestensen filed the instant suit for deficiency judgment on August 26, 2003.
Chrestensen argues that the trial court erred by dismissing her amended deficiency complaint with prejudice based upon the statute of limitations.[1] "The standard of review is de novo because there are no disputed facts and the trial court's conclusions were purely legal." City Of Hollywood v. Petrosino, 864 So.2d 1175, 1176 (Fla. 4th DCA 2004). The central question posed by this appeal is whether the statute of limitations for a deficiency judgment begins to run at the default date of the underlying mortgage note, in which case Chrestensen's complaint was correctly dismissed; *345 or at the date of the foreclosure judgment and/or sale, in which case the complaint was dismissed in error. We hold that a cause of action for deficiency[2] does not accrue, and thus the statute of limitations does not begin to run, until the final judgment of foreclosure and subsequent foreclosure sale.
The time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues. § 95.031, Fla. Stat. "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat.; see, e.g., Elmore v. Fla. Power & Light Co., 895 So.2d 475 (Fla. 4th DCA 2005). Analogously, in the negligence context, a cause of action for negligence does not accrue for limitations purposes until the existence of redressable harm or injury has been established. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla.1990).
Before a cause of action for deficiency can accrue, there must be a final judgment of foreclosure and a sale of the assets to be applied to the satisfaction of the judgment. See Singleton v. Greymar Assocs., 882 So.2d 1004 (Fla.2004) (holding "a necessary predicate for a deficiency is an adjudication of foreclosure"); Grace v. Hendricks, 103 Fla. 1158, 140 So. 790 (1932) ("The order for deficiency judgment is so dependent on, and merely ancillary to, the foreclosure and sale that it would be absurd left standing alone.") (citation omitted). It follows that there can be no action for a deficiency where there has been no foreclosure judgment and sale. For example, if Chrestensen had attempted to file for a deficiency judgment on November 1, 1996, the date of the mortgage default, her claim would have been dismissed because all of the elements for a deficiency had not occurred.[3] Following this reasoning, the statute of limitations for a deficiency action does not begin to run until the foreclosure judgment and foreclosure sale. In the present case, the foreclosure judgment was entered on October 4, 1999, and the foreclosure sale took place on October 19, 1999. Since the deficiency action was filed on August 26, 2003, it was well within the statutory period of five years.[4]
Eurogest counters that Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986), establishes that the statute of limitations in a deficiency action begins to run on the date of the default of the mortgage note. However, any language to that effect in Barnes *346 is merely dicta, as the question addressed by the first district in that case was whether a one-year or a five-year statute of limitations applied to a deficiency action.[5] The Barnes court held that the applicable statute of limitations for deficiency was five years. Id. at 881. Under the facts in Barnes, where both the default on the mortgage and the judgment of foreclosure both occurred less than five years before the deficiency complaint was filed, the court did not need to reach the question of what date the statute of limitations would begin to run. We also note that Barnes appears to contradict the "last element" requirement for a cause of action to accrue, as explained above. See § 95.031(1), Fla. Stat. Likewise, Eurogest's reliance on Bank of Wildwood v. Kerl, 138 Fla. 527, 189 So. 866 (1939), is misplaced. In that case, the court was addressing the statute of limitations with respect to a deficiency claim in a foreclosure action, where, unlike the present case, a foreclosure judgment had never been entered.
Based on the foregoing, we hold that the statute of limitations for a deficiency judgment does not begin to run until the foreclosure judgment and subsequent foreclosure sale, not at the default date of the underlying mortgage note. Therefore, we reverse the trial court's dismissal with prejudice of Chrestensen's amended complaint and remand for further proceedings in accordance with this opinion.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] The parties agree that the applicable statute of limitations is five years. See § 95.11; Barnes v. Escambia County Employees Credit Union, 488 So.2d 879 (Fla. 1st DCA 1986).
[2] While it is possible to include the deficiency claim in the foreclosure action, and in this case the trial court's final judgment of foreclosure specifically retained and reserved jurisdiction to enter deficiency judgments, section 702.06, Florida Statutes, allows the claimant to bring a separate action at common law to recover the deficiency.
[3] We note that if the statute of limitations for a deficiency action began to run on the date of the default, it would be possible for a cause of action for deficiency to be barred by the limitations period before the deficiency action ever accrued, due to delays in the foreclosure action and foreclosure sale.
[4] The Doctrine of Merger is also applicable to this issue. "The doctrine of merger operates to extinguish a cause of action on which a judgment is based and bars a subsequent action for the same cause." Sunshine Utils. Equip., Inc. v. Treasure Coast Utils., Inc., 421 So.2d 1096, 1097 (Fla. 4th DCA 1982). Under this doctrine, "the debt or cause of action on which an adjudication is predicated is said to be merged into the final judgment." Id. Thus, any action based upon the mortgage note in this case was extinguished by the judgment of foreclosure and, consequently, an action for deficiency is not based upon the mortgage note, but instead arises from the final judgment entered and subsequent foreclosure sale.
[5] Barnes was abrogated by Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995), in which the Supreme Court held that the one-year period of inactivity for purposes of rule 1.420(e) should be measured backwards from the time preceding the filing of the motion to dismiss for lack of prosecution; the period does not run from the entry of final judgment. Id. at 636.