SALTER, J.
 

 Maria Arvelo seeks a writ of certiorari to quash a circuit court appellate division order affirming a county court summary judgment against her. Her creditor, Park Finance of Broward, persuaded the trial court and appellate division that the repossession and sale of Ms. Arvelo’s automobile — the events which fixed Park Finance’s claim for a deficiency — marked the commencement of the applicable five-year
 
 *662
 
 statute of limitations.
 
 [1]
 
 Concluding instead that the statute of limitations commenced when the loan defaulted and all sums due were automatically accelerated (a date more than five years before the deficiency lawsuit was filed in the county court), we grant the writ and quash the circuit court order.
 

 Background
 

 In December 1999, Ms. Arvelo
 
 [2]
 
 purchased a Daewoo automobile for a cash price of $11,300, financing $9,100 of that amount and additional charges totaling $628.95. Her retail installment contract called for 48 monthly payments of $291.87 commencing in January 2000. Preprinted form language within the contract’s “Additional Terms and Conditions” specified that non-payment of any amount due would constitute a default, causing the full remaining amount of indebtedness to become “immediately due and payable.”
 

 Ms. Arvelo defaulted in payment in March 2002.
 
 [3]
 
 Park Finance repossessed the vehicle and sold it for $2,221.41 on August 7, 2002. After subtracting $464 from those proceeds for “repossession and liquidation expenses,” Park Finance computed a deficiency balance of $6,020.05.
 

 For reasons that are not disclosed by the record, Park Finance did not file its county court complaint to collect the alleged deficiency until May 29, 2007. Park Finance alleged that Ms. Arvelo was liable for the deficiency amount plus accumulated interest at 18%, bringing Park Finance’s total claim against her to approximately $10,800 plus costs.
 

 In her answer and affirmative defenses, Ms. Arvelo asserted that the statute of limitations had expired in March, 2007, and that the Park Finance lawsuit for a deficiency was barred. In its reply to the affirmative defenses and its motion for summary judgment, Park Finance contended that its cause of action for the deficiency did not accrue until Ms. Arvelo breached a different provision of the retail installment contract, “Buyer agrees to pay any deficiency allowed by law,” i.e., in August 2002. Under Park Finance’s analysis, therefore, its May 2007 complaint was timely.
 

 The county court agreed, and judgment was entered against Ms. Arvelo. The circuit court appellate division affirmed, and Ms. Arvelo’s petition to this court followed.
 

 Analysis
 

 In a second-tier certiorari review such as this, we consider whether the circuit court afforded procedural due process (which it did, in this case) and whether it departed from the essential requirements of law.
 
 Miami-Dade County v. Omni-point Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003).
 

 That portion of an indebtedness which is sought as a “deficiency” following a creditor’s disposition of personal property held as collateral is merely part of a debt evidenced by a promissory note or an installment contract. In this case, all of that indebtedness had, in fact, become due upon the March 2002 default and the automatic acceleration of the debt as specified
 
 *663
 
 in the form installment contract. Upon the occurrence of that event, Park Finance’s cause of action for breach of contract had fully accrued, and the five-year statute of limitations began to run. We reject the argument that her post-repossession failure or refusal to pay the deficiency “reset the clock” or allowed some new cause of action to accrue.
 

 Park Finance relies principally on the case of
 
 Chrestensen v. Erogest, Inc.,
 
 906 So.2d 343 (Fla. 4th DCA 2005), holding that a cause of action for deficiency in a real estate foreclosure action does not accrue until there is a final judgment of foreclosure and a sale of the mortgaged property. As noted in that case, however, there is a separate statute
 
 [4]
 
 allowing a mortgagee to bring a separate action to recover a deficiency. In the case of a secured creditor disposing of personal property, however, no such statute or separate cause of action exists. There is but one indebtedness, and it is evidenced by a single contract. Upon the early maturity of the debt and breach of the contract, Park Finance’s cause of action accrued. From that point, March 2002, Park Finance had five years within which to exercise its remedies: a collection suit, a repossession and non-judicial sale, a claim for deficiency, or otherwise.
 

 Park Finance also argues that the statute of limitations was tolled by “the sale of the collateral and resulting partial payment,” under section 95.051(l)(f), Florida Statutes (2002). But the statute on tolling does not expressly apply to those unilateral actions by a creditor that may reduce an indebtedness. Ms. Arvelo did not make a payment of principal or interest to Park Finance after March 2002; rather, Park Finance unilaterally exercised remedies and reduced the debt. The courts considering this scenario have held that tolling applies to voluntary payments by the obligor, not to involuntary actions and reductions in indebtedness by the creditor.
 
 See, e.g., Zaks v. Elliott,
 
 106 F.2d 425 (4th Cir.1939);
 
 [5]
 

 Jacksonville Am. Pub. Co. v. Jacksonville Paper Co.,
 
 143 Fla. 835, 845, 197 So. 672, 677 (1940).
 

 Conclusion
 

 Statutes of limitation are intended to encourage the enforcement of legal remedies before time dilutes memories, witnesses move to greener pastures, and parties pitch out (or “delete,” in the electronic age) old records. Under Park Finance’s theory, the statute of limitations applicable to a secured loan in Florida would be almost ten years rather than five years. A creditor could hold collateral for almost five years after default, then liquidate it, and then wait another five years to sue for a deficiency.
 

 Deficiency claims, particularly those involving consumers, are essentially a sword of Damocles, an inchoate anxiety, a second shoe that might or might not drop. Collection lawsuits precipitate adverse credit reports, and those can further
 
 *664
 
 hamper a consumer’s ability to get on with her life. Consumers should not be exposed to a double ration of worry. A creditor holding a security interest in personal property
 
 [6]
 
 can and should initiate its various remedies within the generous five-year period allowed by our Legislature. For all these l'easons, we conclude that the statute of limitations was not correctly applied, that the petition for certiorari should be granted, and that the order below should be quashed.
 

 Petition granted.
 

 [1]
 

 .§ 95.11(2)(b), Fla. Stat. (2002). Although Ms. Arvelo argued that Park Finance's deficiency claim was governed by the four-year statute of limitations in section 95.11(3)(Q or (p), the circuit and county courts correctly rejected that claim.
 
 See Barnett Recovery Corp. v. Fornasari,
 
 655 So.2d 1274 (Fla. 2d DCA 1995).
 

 [2]
 

 . The complaint mistakenly identified her as Maria "Aruelo.'' Subsequent pleadings and the orders under review used the correct last name.
 

 [3]
 

 . Ms. Arvelo’s affirmative defenses alleged that this was the date of default, and Park Finance's reply and summary judgment papers did not controvert the allegation.
 

 [4]
 

 . § 702.06, Fla. Stat. (2007). Deficiency claims pertaining to non-judicial sales of personal properly, in contrast to foreclosure sales of real property, are subject to article 9 of the Uniform Commercial Code:
 
 See
 
 §§ 679.608.615, Fla. Stat. (2007).
 

 [5]
 

 . “According to the great weight of authority, an application to the debt by the creditor of the proceeds from the sale of collateral will not have this effect [tolling] because the payment is not voluntary on the part of the debt- or". The court went on to observe that if such a reduction tolled the limitations period, the borrower's obligation "could be kept alive for an indefinite period by judiciously timed sales of portions of the collateral, and the statute of limitations would have no bearing at all."
 
 Zaks,
 
 106 F.2d at 427 (citations omitted).
 

 [6]
 

 . Because this case does not involve a deficiency claim after a mortgage foreclosure and sale of real property, we do not decide whether or not we would follow, in an appropriate case, the Fourth District's analysis in
 
 Chres-tensen.