ROTHENBERG, J.
(dissenting).
I respectfully disagree with the majority’s decision to deny rehearing. The relevant pleadings dictate that Ms. Vives, as the prevailing party on appeal, is entitled to an award of reasonable attorney’s fees. *18 Although the concurring opinion is not binding authority, I have chosen to address it because I respectfully disagree.
The concurring opinion begins by noting that Ms. Vives moved for fees under the reciprocality provision set forth in section 57.105(7) “based not upon a fee provision in the mortgage, but rather a fee provision in the promissory note.” (footnote omitted). The concurring opinion then concludes that Ms. Vives is precluded from relying on the fee provision in the promissory note because “the lender chose to proceed under the mortgage” rather than the promissory note. If the concurring opinion was correct in its characterization of the lender’s lawsuit, I would agree with its conclusion. A careful review of the lender’s complaint, however, reveals that the concurring opinion is mistaken, as Wells Fargo expressly sought relief under the promissory note.
Although Count II begins by stating, “[T]his is an action to foreclose a mortgage on real property,” that count goes on to set forth the amounts due and owing under the promissory note:
10. There has been a default under the note and mortgage held by Plaintiff in that the payment due December 1, 2008, and all subsequent payments have not been made. Plaintiff declares the full amount due under the note and mortgage to be now due.
12. There is now due, owing and unpaid to Plaintiff herein $98,221.90 on principal of said note and mortgage plus interest from November 1, 2008, and title search expenses for ascertaining necessary parties to this suit, escrow shortage, advances, late fees, costs and attorneys fees.
(Emphasis added). More importantly, in the “WHEREFORE” clause of its complaint, Wells Fargo requested that the trial court “ascertain and determine the sums of money due and payable to the Plaintiff from the Defendants,” and requested a “deficiency judgment[ ] if the proceeds of the foreclosure sale are insufficient to pay Plaintiffs claim.” Finally, in the final judgment of foreclosure, after calculating the principal and interest “due under the note secured by the mortgage,” (emphasis added), the trial court reserved jurisdiction with respect to a possible “deficiency judgment ].”
In Arvelo v. Park Finance of Broward, Inc., 15 So.3d 660 (Fla. 3d DCA 2009), this Court made clear that the “portion of an indebtedness which is sought as a ‘deficiency following a creditor’s disposition of personal property held as collateral is merely part of a debt evidenced by a promissory note or an installment contract.” Id. at 662 (emphasis added); see also Capital Bank v. Needle, 596 So.2d 1134, 1136 (Fla. 4th DCA 1992) (holding that, under the doctrine of res judicata, “where a party seeks a foreclosure and a deficiency judgment for failure to pay on a promissory note, and there is an actual adjudication on the merits of the claim for deficiency, that party cannot proceed on a new action based on the same promissory note”). Specifically, a deficiency compensates the lender for any portion of the debt created by a promissory note that exceeds the value of the collateral secured by the lender’s mortgage. Thus, because a deficiency, by definition, compensates for debt not covered by the lender’s mortgage, it follows that a deficiency flows directly from the promissory note.
Accordingly, in my view, Wells Fargo’s express prayer for a deficiency forecloses the concurring opinion’s conclusion that Wells Fargo’s lawsuit was limited to mere *19 ly seeking the foreclosure of its mortgage on Ms. Vives’ property. In praying for a deficiency, Wells Fargo necessarily sought relief under the promissory note, and thereby triggered the promissory note’s attorney’s fee provision, which is made reciprocal by section 57.105(7) of the Florida Statutes (2012). Thus, Ms. Vives, as a prevailing party on appeal, should be awarded reasonable attorney’s fees. I, therefore, would grant rehearing and grant Ms. Vives’ motion for an award of reasonable attorney’s fees, and I respectfully disagree with the majority’s contrary conclusion.