# Third District Court of Appeal

## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0449
Lower Tribunal No. 21-24462-CA-01
_____

**Alex Mendoza,**
Appellant,

vs.

**V.A. Crudele Dredging Corp.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Arnaldo Vélez, P.A., and Arnaldo Vélez, for appellant.

Mamone Villalon, and Tyler A. Mamone and Rachel E. Walker, for appellee.

Before LINDSEY, BOKOR and GOODEN, JJ.

PER CURIAM.

The underlying action is a contractual dispute between Alex Mendoza and V.A. Crudele Dredging Corp. At summary judgment, the trial court correctly concluded that the statute of limitations barred the relief sought by Mendoza. "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. In breach of contract actions, "it is well-established that a statute of limitations runs from the time of the breach." BDI Constr. Co. v. Hartford Fire Ins. Co., 995 So. 2d 576, 578 (Fla. 3d DCA 2008).

The parties entered into a written memorandum of agreement on March 25, 2008, regarding the dredging of a lakebed and the conversion of the site into a developable parcel. Pursuant to this original agreement, if V.A. Crudele Dredging is "reactivated as a corporation . . . then 40% of the stock of the company shall be issued to Mendoza but only if the property is declared buildable and filled in." The parties, desiring to clarify their agreement or resolve outstanding disputes, executed a second written agreement, the February 26, 2009 Unanimous Consent Action (the "First Action"). Pertinent to the issues on appeal, through the First Action, the parties agreed: (1) to reinstate V.A. Crudele Dredging as a Florida corporation; (2) that "[t]he fees and costs incurred in the reinstatement shall be borne and paid by Alex Mendoza"; and (3) "that the stock of the

2

corporation be issued in the following manner: 60 shares to [Vincent Crudele, the principal of V.A. Crudele Dredging] or his designee; 40 shares to Alex Mendoza or his designee."

The record establishes Mendoza was aware the stock had not been issued to him by March 6, 2009, when the second unanimous consent action (the "Second Action") was executed by Vincent as the principal of V.A. Crudele Dredging. Specifically, Mendoza's complaint alleged that V.A. Crudele Dredging "refus[ed] to recognize [his] rights to the stock," which stock was required to be issued by the terms of the First Action. Even though Mendoza did not execute the Second Action, by its very terms, the Second Action, signed by Vincent, not only put Mendoza on notice that V.A. Crudele Dredging (and Vincent as its principal) reneged on its alleged obligation from the First Action to issue the stock to Mendoza, but also claimed that Vincent was the rightful owner. Notably, the Second Action provided that "the stock of the corporation was not issued or, if issued, has been lost" and that Vincent is the "holder of all of the rights to the unissued stock of [V.A.] Crudele Dredging." Further, the Second Action removed any language requiring issuance of the stock to Mendoza. Thus, per the language of the Second Action, the last element of Mendoza's alleged cause of action for breach occurred no later than March 6, 2009, by placing Mendoza on notice

3

that V.A. Crudele Dredging took the position that it was not required to issue any stock to Mendoza.

The Second Action reflects V.A. Crudele Dredging and its principal's repudiation of any alleged obligation to issue stock, breaching any prior agreement requiring such issuance. See Abreu v. Aurora Loan Servs., LLC, 390 So. 3d 218, 220 (Fla. 3d DCA 2024) (holding that the breach did not occur when the Bank "fail[ed] to provide the new loan documents [per the parties settlement agreement in the Bank's foreclosure action], but [with] the Bank's . . . filing of a new foreclosure action after it had agreed to provide new loan documents but failed to do so"); see also Arvelo v. Park Fin. of Broward, Inc., 15 So. 3d 660, 663 (Fla. 3d DCA 2009) ("Statutes of limitation are intended to encourage the enforcement of legal remedies before time dilutes memories, witnesses move to greener pastures, and parties pitch out (or 'delete,' in the electronic age) old records."). Because the trial court correctly concluded that the statute of limitations bars Mendoza's claims, we affirm the final judgment entered in favor of V.A. Crudele Dredging.[1]

---

[1] We summarily affirm as to all other issues raised in Mendoza's appeal, including, but not limited to, issues raised for the first time on appeal and not properly presented to the trial court. See, e.g., Sunset Harbour Condo Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal."); Gables Ins. Recovery, Inc. v. Citizens Prop. Ins. Corp., 261 So. 3d 613, 619–20 (Fla. 3d DCA 2018) (addressing the statutes and regulations raised by the

Affirmed.

---

appellee in its answer brief and holding that because the appellee "did not raise these other statutory and regulatory provisions before the trial court in its summary judgment motion," this Court does not address them "for the first time on appeal").